Likefield, &c., v. Likefield.

CASE 94—WILL CONSTRUCTION—FEBRUARY 28, 1885.

# Likefield, &c., v. Likefield.

APPEAL FROM JEFFERSON COMMON PLEAS COURT.

A testator made this will:

"LOUISVILLE, January 14, 1859.

"If any accident should happen to me that I die from home, my wife, J. A. L., shall have every thing I possess," etc.

He died at home.

1. *Held*—The dying of the testator from home was not a condition precedent to give effect to the will, and his wife held the property under it.

2. The words first stated are only words of inducement to the making of the will.

WOOLLEY & BUCKNER AND O. A. WEHLE FOR APPELLANTS.

1. The will is conditional, and depended for its effect upon the testator's. dying from home.

2. In all cases where there is either no preamble, and the close relation referred to exists between the conditional words and the words of devise, or there is both a preamble and an express condition in close connection with the words, of devise, are cases of conditional wills. (Maxwell v. Maxwell, 3 Met., 91; Dougherty v. Dougherty, 4 Met., 25; Bradford v. Bradford, Ky. L. R. & J., volume 1, number 4; 1 Jarman, Wills, 17, Bigelow's ed., 410; *in re* Dobson, L. R., 1 P. & D., 88; *in re* Martin, L. R., 1 P. & D., 380; *in re* Winn, 7 Jurist, N. S. 764, 2 Sw. & T. 147; *in re* Porter, L. R., 2 P. & D., 22; *in re* Thorne, 4 Sw. & Tr., 36; 11 Jur., N. S., 569; Roberts v. Roberts, 2 Sw. & Tr., 337; 8 Jur., N. S., 220; *in re* Robinson, L. R., 2 P. & D., 171; Lindsay v. Lindsay, L. R., 2 P. & D., 459; *in re* Cawthron, 10 Jur., N. S., 51; Sinclair v. Hone, 6 Ves., Jr., 607; Parsons v. Lance, 1 Ves., Sr., 190; Gen. Stat., chapter 113, section 11; Damon v. Damon, 8 Allen, 195; Johnson v. Stokes, 9 Bush, 279; Long v. Swindell, 77 N. C., 183; Massie v. Griffin, 2 Met., 364; Maxwell v. Maxwell, 3 Met., 101; Dougherty v. Dougherty, 4 Met., 25; Bradford's Adm'r v. Bradford, 1 Ky., L. J. & R., page 947; Parsons v. Lance, 1 Ves., Jr., 190; Sinclair v. Hone, 6 Ves., Jr, ——; in goods of Porter, 2 P. & D., 22; Roberts v. Roberts, 2 Sw. & Tr., 337, S. C.; 8 Jur., N. S., 220; *in re* Winn, 7 Jur., N. S., 764; in goods Robinson, L. R., 2 P. & D., 171; Lindsay v. Lindsay, L. R., 2 P. & D., 460; Damon v. Damon, 8 Allen, 194. Distinguished from Thorne's Case, 4 Sw. & Tr.; Dobson's Case, L. R., 1 P. & D., 88; Martin's Case, L. R., 1 P. & D., 380; in goods of Mayd, L. R., 6 P., 17; *in re* Lindsay, 2 Bradf., 204; Thompson v. Conner, 3 Bradf., 366;

Strauss v. Schmitt. 3 Phil. 209; Burton v. Collingwood, 4 Hagg., 176; *in re* Tylden, 18 Jur., 136.)

ELLIOTT & HEMINGRAY FOR APPELLEE.

1. In this will there is no time nor circumstance intervening between the execution of the will and the demise of the testator upon which the devise is made to depend.

2. Hence no condition can be said to exist upon the happening of which the devise is to be defeated. And this, we take it, is the true rule to be observed in ascertaining whether a will is conditional or not. (1 Redfield on Wills, 179, note 45, 442; 1 Jarman on Wills, ed. 1880. 30, note 3; Maxwell v. Maxwell, 3 Met., 101; Dougherty v. Dougherty, 4 Met., 25; Strauss v. Schmidt, 3 Phillim., 209; Burton v. Collingwood, 4 Hagg., 176; Damon v. Damon, 8 Allen. 194, 197; *ex parte* Lindsay, 2 Bradf. 204; Thompson v. Connor, 3 Bradf., 366; Forbes v. Gordon, 3 Phillim., 485; Sinclair v. Hone, 6 Ves., Jr., 612, note; *in re* Tylden, 18 Jurist, 136. Nov. 5, 1853; Tarver v. Tarver, 9 Peters, 179; *in re* Dobson, 1 Eng. Law Rep's Pro. and Div., 88; *in re* Martin, *Ibidem*, 380; Bradford v. Bradford, 1 Ky. L. R. & J., 947.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

A paper wholly written by William A. Likefield, and worded as follows, is in question as his last will by this appeal, after having been probated as such by the Jefferson County Court, and its judgment sustained by the Jefferson Court of Common Pleas:

"LOUISVILLE, January 14, 1859.

"If any accident should happen to me that I die from home, my wife, Julia An Likefield, shall have every thing I possess, the house and lots and the money that is due to me, and for her to hold it as her own.

"WM. A. LIKEFIELD."

He died at home on March 28, 1881, leaving the appellee as his widow, but no children, they having previously died. The testimony shows that the decedent, about the date of the above writing, occasionally made

steam-boat trips upon the Ohio river as a watchman; that he and the appellee lived happily together as husband and wife for over thirty years; that he kept the paper in contest in a small tin box; that in the latter part of the year before his death, and in the presence of his wife, he examined his papers, including it, and after reading it over replaced it in the box and directed her to take care of it.

His brother and sisters, and the children of a deceased brother, now contend that it was a *contingent* will, and never became effective, as he died at home; that the words "*if any accident should happen to me that I die from home*" constitute a *condition*, while upon the other hand the widow urges that they were only used to give a *reason* for making the will.

A few general observations may aid in the solution of the question. The rule is, that courts will not incline to regard a will as *conditional*, if it can be reasonably held that the maker was simply expressing his *inducement* to make it, however inaccurate the language may be for that purpose, if strictly construed; and unless the words clearly show that it was intended to be *temporary* or *contingent*, it will be upheld. In this instance if the testator, by the words he used, referred to the possibility of his accidentally dying from home as a *reason* for making the will, then it must be maintained; but if he intended by them to show that he was then making only a *temporary* or *conditional* disposition of his property, it must fail, because the event named never happened.

An unexpressed intention, however strongly we may suppose it to have existed, can not be enforced; but,

upon the other hand, a will can not be allowed to fail upon slight indication that the testator intended it to be conditional. The end, however, to be assiduously sought is the *intention* of the testator, and all rules must be subordinated to it.

A brief review of adjudged cases may also serve to bring us to a proper conclusion, although each case, involving the construction of an instrument, must necessarily depend upon the particular language used; and we have been unable to find any case exactly similar to this one.

In Parsons v. Lanoe, 1 Ves., Sr., 190, the words, "If I die before my return from my journey to Ireland," etc., were held to constitute a contingent will, and an inoperative one, because the maker returned home.

"In case I die before I join my beloved wife," etc., shared a like fate. (Sinclair v. Hone, 6 Ves., Jr.)

In Todd's will, 2 Watts & Sergeant, 145, the testator had in view a certain journey; and the language used was, "My wish, desire and intention now is, that if I should not return," etc.; and the will was held to be conditional.

Also in Massie v. Griffin, 2 Met. (Ky.), 364, where the will was made while the testator was on a visit in Missouri, and he willed the notes and accounts he held on his brothers to them in case he never returned. Also "in the goods of Robinson," L. R., 2 P. & D., 171, where the words were: "In case any thing should happen to me during the remainder of the voyage from hence to Sicily and back to London, that I give and bequeath," etc.

Likefield, &c., v. Likefield.

In Maxwell v. Maxwell, 3 Met. (Ky.), 101, the words were: "If I never get back home, I leave you every thing I have in the world." In this case the testator was away from home when the will was made; he had just escaped from a steam-boat disaster; the navigation was peculiarly dangerous at the time, and the necessary continuation of his journey homeward continued the danger; and it was plain from the entire instrument (a letter) that it was intended to be operative only during his absence upon *that occasion*.

In Dougherty v. Dougherty, 4 Met. (Ky.), 25, the language was: "As I intend starting in a few days to the State of Missouri, and should any thing happen that I should not return alive, my wish is," etc.

It will be noticed in all the above cases, and in others not now at hand where the will has been held to be conditional, that a *specific* contingency is named, and it either confined to a *time* certain, or a particular *event*.

In this respect they are clearly distinguishable from the case now presented. The will in this instance fixes no limit or time, as during a particular journey, or for a particular length of time. No specific time or particular event is named. It refers to no particular expected calamity, and the words are *general* in their character; and this fact leads to the conclusion that the testator, who was evidently not an educated man or an adept in writing such instruments, did not intend the disposition of his estate to depend upon whether he died *at* or *away* from his home. It would have been an absurd condition; and while it is true that he had a right if he chose to impose it, yet whether

it is reasonable in its character can properly be considered when it is a question whether the words were used as a mere *reason* for executing the paper, or as a condition upon which it was to become operative.

It is quite natural for a person to give some reason for making a will, and as has been well said, a "close and literal interpretation may very easily carry us wide of the intention."

Swinburne says: "Albeit the testator make his testament by reason of some great journey, yet it is not revoked by the return of the testator."

Where the words " lest I should die before the next sun, I make," etc., were used in a will written eighteen years before the testator's death, it was upheld. (Burton v. Collingwood, 4 Hagg., 176.)

So "in case I should die on my travels," etc., although the testator returned home, it being shown that he recognized the paper as his will shortly before his death. (Strauss v. Schmidt, 3 Phill., 209.)

*In re* Tylden, 18 Jurist, 136, the language of the will was: " If it please Almighty God to call me suddenly from this mortal life, *and during my absence from home*, I leave," etc., and it was sustained, although the testator died at home.

So *in re* Dobson, 1 Eng. Law Reports, 88, where the words were: "In case of any fatal accident happening to me, being about to travel by railway, I hereby leave," etc.

Also in Thorne's Case, 4 Sw. & Tr., the language being: "I request that in the event of my death, while serving in this horrid climate, or *any accident happening to me*, I bequeath," etc.

Likefield, &c., v. Likefield.

In the case of Bradford's Adm'r v. Bradford, &c., 81 Ky. Rep., the language of the will was of a more conditional character than in this instance, to wit: "Being in the full possession of all my mental faculties, but in feeble health, and about to start upon a long journey, and subject to the common casualties of others, I deem it prudent to provide for the disposition of my property *in case I should not return*," and it was held that it was not contingent, and although the testator returned home and lived for several years thereafter, yet it was sustained.

It is shown in this case that the testator carefully preserved the paper in contest; that he examined it the year prior to his death; and while these facts can not constitute a statutory republication of it, yet they illustrate the intention of the maker of the instrument, as they tend to show that he believed he had disposed of his property by it, and while the word "if" is an apt one to express a condition, yet the language used is so general in its character that it shows the testator intended it as words of *inducement* to the making of the will only, and not that the disposition of his property should depend merely upon the place of his death.

Judgment affirmed.