FERGUSON v. FERGUSON et al. (No. 214.)*

(Court of Civil Appeals of Texas. Eastland. Oct. 22, 1926. Rehearing Denied Dec. 2, 1926.)

1. Wills ⬦⇒80—Will may be made effective on happening of contingency.

Will may be drawn to take effect on the happening of a contingency.

2. Wills ⬦⇒80—Wills are presumed not to be contingent.

All presumptions are indulged against will being contingent.

3. Wills ⬦⇒80—Where testator intends to dispose of property, if named event happens, will is conditional; "unconditional will;" "conditional will."

If happening of event named in will is reason for making will, it is "unconditional"; but, if testator intends to dispose of property in case event happens, will is "conditional."

4. Wills ⬦⇒80—Will. stating that testatrix was going on journey and might not return, "so I make this will, but I expect to make changes if I live," held conditional and hence ineffective; "conditional will."

Will stating that testatrix was going on journey and might not return, "so I make this will, but I expect to make changes if I live," and directing hospital to be built, but stating, "if I live, I expect to have it done myself," held "conditional" and contingent, and of no effect after her safe return from journey.

5. Wills ⬦⇒80—Testator's intention will determine whether will is conditional.

Intention of testator, as reflected from writing and purpose it should serve, will determine whether will is conditional.

6. Wills ⬦⇒80—Delivery of conditional will to attorney held not to constitute republication.

That conditional and contingent will was retained and delivered by testatrix to her attorney would not be republication.

Pannill, C. J., dissenting.

Appeal from District Court, Haskell County; W. R. Ely, Judge.

Separate applications by Joe Lee Ferguson and Alex M. Ferguson for the probate of an instrument alleged to be the last will of Kate F. Morton, deceased. Contest by Alvah H. Ferguson and another, and the City of Haskell filed a petition of intervention. Judgment admitting the will to probate in county court, and from a like judgment in the district court the named contestant appeals. Reversed and rendered.

See, also, 283 S. W. 297.

H. J. Cureton, of Meridian, and Chandler & Chandler, of Stephenville, for appellant.

Law Henderson, of Bryan, Jesse F. Holt, of Sherman, and W. H. Murchison, Ratliff &

---

Ratliff, and C. Grissom, all of Haskell, for appellees.

Statement of Nature and Result of Suit.

RIDGELL, J. Separate applications were made by Joe Lee Ferguson and Alex M. Ferguson, respectively, in the county court of Haskell county, for the probate of the following instrument, alleged to be the last will of their sister, Kate F. Morton, which instrument is as follows:

"Telephone No. 53.          Post Office Box 92.

"Last Will of Kate F. Morton.

"Haskell, Texas, May 5th, 1924.

"I am going on a journey and I may never come back alive, so I make this will; but I expect to make changes if I live.

"First, I want a hospital built in Haskell in memory of my husband, Francis Marion, to cost $50,000 (fifty thousand dollars); if I live I expect to have it done myself.

"I will to Jasper C. Lawson some piece of property or money of the value of five thousand 5,000.

"To Nannie Darr, my husband's sister, 1,000 dollars in money or property; to my brothers Alvah and James I will (100) one hundred dollars each.

"To Annie Kate Ferguson a section of farming land 640 acres. The residue of property to be divided between my brothers Joe Lee and Alex M. Ferguson.

"To Zelma Ballard I will her the note I have on Curtis Ballard, her husband.

"I want all of my just debts paid. I owe W. H. Murchison for his services since my husband died.

"Love and good will to all my friends.

"Kate F. Morton."

Contest was made by appellant and another brother. The city of Haskell filed a petition of intervention, and upon hearing of the cause the will was admitted to probate in the county court. The appellant appealed to the district court, where like judgment was rendered as in the county court, establishing said instrument as an unconditional, valid, and subsisting will of Kate F. Morton, deceased. The contest was based upon the following grounds:

First, that by its terms it was an instrument conditioned to take effect as a will upon the contingency only that Mrs. Morton did not live to come back from a specific journey she was then on the eve of making; that she expressly stated that, if she lived to return, she expected to change it; that her return alive automatically revoked the instrument; that said instrument did not bear the signature of witnesses as required by the statute, neither was it a holographic will, in that it was not wholly in the handwriting of Mrs. Morton, being partly written and partly printed; that the provision for $50,000 for a hospital and other items were too indefinite to be legal, and were therefore invalid; that the will was too vague and indefinite to be understood or intelligently interpreted; and that to carry out the instrument as a will, independent of these clauses, would have the effect to unduly distort the general scheme and intent of the testatrix.

By first proposition it is insisted that said instrument by its express terms was conditioned to take effect as a will on the contingency only that the testatrix may never come back alive from a specific journey upon which she was going. Having expressly stated that "I expect to make changes if I live," it was a conditional or contingent will, and was automatically revoked when the testatrix did come back alive.

W. H. Murchison testified as follows for the proponents of the instrument:

"That he had been the attorney for Kate F. Morton from the date of her husband's death on August 2, 1923, until her death on March 10, 1925, and had been her husband's attorney for 10 years. The will was delivered to me by Mrs. Kate F. Morton, about the 26th or 27th of December, 1924, and I kept it in my possession continuously thereafter until it was filed for probate on March 25, 1925."

"This instrument was not in a sealed envelope at the time it was delivered to me by Mrs. Morton; it is in the same condition now that it was when it was delivered to me by her, pinned together. At that time Mrs. Morton was suffering from locked bowels, I believe, and was suffering a good deal of pain. She went to Stamford and was operated on, and was relieved of that trouble and died in the spring from the flu. At the time she delivered this paper to me, she was then contemplating having to go to the hospital for an operation; this was on the eve of leaving for the hospital; she sent for me to come, and I did.

"I would say that its [her estate] value, approximately, was something over $300,000. It consisted of lands principally, and a great deal of notes. She had on hand at the time of her death between $6,000 and $10,000. I recall her making a journey along about the time she made this instrument offered as a will; that was in the spring of that year; that is as close as I could swear to the time, the spring of 1924. She told me she visited her brother at Sherman, Alex M. Ferguson, and I think she went from there to Austin, and maybe to San Antonio to see Mr. Walter Scott, an old citizen of Haskell county for a long time, and a close friend of the Mortons; in fact, the lawyer who wrote Mr. Morton's will. She stayed pretty close to Haskell, so far as I know; she was a home-loving woman and stayed at home."

"I don't know anything about the circumstances under which that paper was executed, other than is directed in the instrument; I didn't know of its existence until it was handed to me. I testified that, soon after the date of that will, Mrs. Morton went on a journey, I think to Sherman and Dallas. She did return to Haskell from that journey, and she lived until March 10, 1925."

The statement of facts, at bottom of page 14, contains the following agreement:

"It is agreed, that, about the date or shortly after the date of the instrument, Mrs. Kate F. Morton took a trip to Dallas, Sherman, and perhaps to Austin, and that she returned to Haskell from that trip."

The question to be answered by us under the facts in this case is whether or not this will in controversy is contingent. This appeal must turn upon the correct answer of this question. Conditional or contingent wills are legally defined by the text-writers as follows:

"A will may be drawn to take effect on the happening of a contingency, and its operation will be defeated by failure of the contingency upon the happening of which it was to have taken effect, unless established by subsequent recognition or republished by the testator. Ordinarily wills of this character are made in view of an immediate journey or of a possible impending calamity. Whether a will is to be regarded as contingent turns upon the point whether the contingency is referred to as the occasion of or reason for making the will, or as the condition upon which the instrument is to become operative, and unless the words clearly show that it was intended to be contingent it will be upheld." 40 Cyc. 1082, 1083.

[1] A will may be drawn to take effect on the happening of a contingency:

"A conditional or contingent will is one to become effective upon the happening of a specified condition or contingency. When a will is limited in its operation by conditions that defeat it before the death of the testator, it is void, unless republished by the testator. Once defeated by its own limited conditions, its mere possession and preservation by the testator until his death does not amount to a republication. An important class of contingent wills consist of instruments made to take effect as testaments in the event of the death of the maker from a particular illness, or before the happening of a certain event, such as returning to his home. On the happening of the event upon which the existence and operation of the testamentary disposition depends the will becomes inoperative and void. But a will is not contingent, if the contingency expressed in the instrument is referred to as merely the occasion for making the will." 28 R. C. L. § 121, p. 166.

"If the language used in a will can by any reasonable interpretation be construed to mean that the testator referred to a possible danger or threatened calamity only as a reason for making the will at that time, the courts incline towards holding the will as not contingent. Under a will reading, 'If any accident should happen to me that I die from home, my wife, J. A. L., shall have everything I possess' it was held that the wife was entitled to take although the testator died at home. Likefield v. Likefield, 82 Ky. 589, 56 Am. Rep. 908. So it has been decided that a will was not conditional although beginning, 'I am going on a journey and I may never return; and if I do not this is my last request.'" 28 R. C. L. § 121.

[2] From our investigation it appears that the tendency of the courts is to indulge all presumption against the will being contingent, and emphasize the necessity of the will clearly and plainly showing the fact that it is contingent. The wisdom of such a ruling is found in the very reason of it. The acting party has passed from the scene of action and the voice is silent. We have no way of knowing the mind of the testator or the will, unless it is what we gather from the instrument itself.

[3] The current of modern authority seems to be that, if the happening of the event is merely referred to as giving the reason or inducement for making the will, it is held unconditional, but, if it appears that the testator intends to dispose of his property in case of the happening of the named event, then it will be held conditional. Dougherty v. Holscheider, 40 Tex. Civ. App. 31, 88 S. W. 1113. In that case the question is whether the contingency mentioned by Mrs. Morton, in the will, was the reason or occasion for making the same, or was it the condition upon which the disposition was to become effective? We have been referred and our attention has only been directed in brief, as well as our own investigation, to three reported cases in Texas involving this character of wills, and we quote as follows from same:

Vickery v. Hobbs, 21 Tex. 571, 73 Am. Dec. 238: In this case a will was written during the sickness of the testator, and was to take effect only upon the condition that the testator died. He did not die, but recovered, and the court held that the operation of the will was defeated by the failure of the contingency upon which happening it was to take effect—citing Todd's Will, 2 Watts & S. (Pa.) 145, and quoting approvingly from Parsons v. Lanoe, 1 Ves. Sr. 189; Sinclair v. Hone, 6 Ves. 608. Testimony was offered to show that the testator kept this will and expressed his satisfaction with it after recovering from an illness, and Judge Wheeler, of the Supreme Court of Texas, after holding that the will was inoperative on account of the condition says:

"Being inoperative, nothing short of a republication could impart to it vitality, so that his death would call it into operation. The only effect which those declarations could have would be as circumstances tending in some degree, perhaps, to throw light on the question of his knowledge of the contents of the will at the time of signing."

Phelps v. Ashton, 30 Tex. 344: In that case the language of the testator was:

"Know all men by these presents that I, H. C. Ashton, Sr., being on the eve of leaving home for an indefinite time, and not knowing what Providence may ordain during my absence, do make and will this request in case of my death while absent."

In passing upon this instrument the court said:

"It is quite apparent that this was a contingent will, depending for its validity as a will

upon the happening of the event named, his 'death while absent,' at that leaving of home. And if he did not die on that trip, it is quite clear that the instrument could not take effect as his will." 2 Watts & S. (Pa.) 145, 6 Ves. 608; 1 Ves. Sr. 109; Stone v. Brown, 16 Tex. 425.

Dougherty v. Holscheider, 40 Tex. Civ. App. 31, 88 S. W. 1113: This is an elaborate opinion by Judge Fly, of the San Antonio Court of Civil Appeals. The instruments sought to be probated were in the form of two letters, addressed to J. R. Dougherty, Beeville, Tex., by Raf Welder, in which the following language was used:

"Friend Jim: I am going to start to Monterey to-morrow to have a surgical operation performed on me, and possibly I may never get back alive. I will write you full particulars as to what to do with my stuff when I get there. * * * While I don't anticipate any danger, as the doctor has assured me that there is no danger, yet there might be. * * * In case anything should happen, I want you to see to what I have left."

In the last letter he wrote:

"I wrote you some weeks ago, and told you that I intended undergoing an operation, and * * * in case anything happened to me," etc. "I expect to be operated on to-morrow."

He proceeds to give directions about his property. Judge Fly says:

"The letters written by Raf Welder to J. R. Dougherty have the essentials necessary to constitute a will under the statute, and, unless the will was to take effect only upon the fatal termination of the operation referred to therein, it should have been probated by the district court. A will which is to become effective only upon the happening of a contingency is a contingent will, and in case the contingency does not arise is by the failure of the happening of the event annulled and revoked. There are numerous cases, English and American, involving the construction of wills in which contingencies were expressed, for it seems to be very common for those unlearned in the law, who write their own wills, to do so under the influence of the fear or expectation of imminent peril and consequent death; but an infallable guide for their construction is difficult to be evolved therefrom. The current of modern authority, however, seems to be that, if the happening of the event is merely referred to as giving the reason or inducement for the making of the will, it be held unconditional; but, if it appears that the testator intended to dispose of his property in case of the happening of the named event, then it will be held to be conditional."

We believe that the Dougherty Case is a very strong authority, if we should follow same, to sustain the proposition that the will in question is conditional. In that case Raf Welder lived about two years after he wrote the letters. The letters written have the essentials necessary to constitute a will under the statute, but that court held that the will was to take effect only upon the fatal termina-

tion of the operation referred to therein. In the first letter he states, that he will later write what to do with his stuff; that the doctor had said that the operation would not be dangerous, but in case anything should happen "I want you (Dougherty) to see to what I have left." In his second letter, in which disposition is made of his property, he says:

"I wrote you some weeks ago, and told you that I intended undergoing an operation, and that before doing so I would write you and tell you what to do with my stuff, in case anything happens to me. I expect to be operated on to-morrow."

After expressing his desire as to the disposition of his property he again says:

"While I don't anticipate any danger, as the doctor has assured me that there is no danger, yet there might be, and I think this will fully explain to you my wishes."

The court holds that the words of the letter indicate clearly that it was written merely as an expedient in case of death resulting from the operation, and that the words bring it clearly within the purview of the cases holding that the will was contingent upon the happening of certain events.

[4] It follows, then, for us to say: Do the words used by Mrs. Morton in this will express a condition: "I am going on a journey and I may never come back alive, so I make this will; but I expect to make changes if I live. First, I want a hospital built in Haskell in memory of my husband Francis Marion, to cost $50,000 (fifty thousand dollars); if I live I expect to have it done myself." Do these words, in the light of the whole instrument, simply refer to the occasion for writing the will, or do they provide a condition upon which the will was to take effect. We feel quite sure that, if this will had stated, "I am going on a journey and may never get back alive, so I make this will," that it would have been an unconditional will; but after using the words quoted she says, "But I expect to make changes if I live," and following this she names the hospital item and says further, "If I live I expect to have it done myself." The addition of these words is strongly persuasive that the contingency she states was not then an expression of the occasion or reason for writing this will. It was to be her will if she did not come back alive; but, if she did, it was not to be, because she would make changes, and one of the changes was that she intended to carry out the sanitarium provision and build the same herself. She lived for about two years; she did not make any changes, and she did not build the sanitarium. We can arrive at no other reasonable conclusion of the instrument but that it was intended to serve only through the journey, and that if she returned it was not to be effective, and it would not be

her will, but that she would change it or write one that would reflect her wishes.

On its face it shows it was only to serve an expediency, and the provisions of the will are proof in themselves that the instrument was conditional, and not a permanent disposition of the property. It could not be well said that she expected to pay her attorney's fee then through testamentary direction; but she was merely providing for a contingency. If she should die on the trip, she wanted to make provisions for their payment; if she survived, she would discharge the obligation herself. If this will was to be changed upon her return, why would it not be conditional? Why could it be said it was her will? She stated in effect that she wanted it to be her will in case she dies on this journey, but the effect of the language is that, if she returned alive, she did not mean it to be her will, but that she would make another one, or change this will, which by its very terms shows was executed to become effective only in case of death on this journey. If we follow the best authority in Texas, if we are to be led by the judicial precedents of our own courts, we cannot arrive at any other conclusion but that this will is conditional, if we are to follow the Dougherty Case and others heretofore referred to herein.

We are referred by appellees to the case of Eaton v. Brown, 193 U. S. 411, 24 S. Ct. 487, 48 L. Ed. 730, as the leading case to support their contention that this will is not a conditional and contingent will. The Eaton Case originated in the District of Columbia. The testatrix, an illiterate and ignorant woman, prefaced the instrument with the following language:

"I am going on a Journey and I may, not ever return. And if I do not, this is my last request."

Mr. Justice Holmes, in writing the opinion, used in part the following language:

" 'Courts do not incline to regard a will as conditional, where it can be reasonably held that the testator was merely expressing his inducement to make it, however inaccurate his language might be if strictly construed.' Damon v. Damon, 8 Allen [Mass.] 192, 197. Lord Penzance puts the same proposition perhaps even more strongly in * * * L. R. 2 P. & D. 22, 23; and it is almost a commonplace. In the case at bar we have an illiterate woman writing her own will. Obviously the first sentence, 'I am going on a journey and may not ever return,' * * * as the occasion and inducement for writing it. If that had been the only reference to the journey, the sentence would have had no other meaning. Cody v. Conly, 27 Grat. [Va.] 313. But with that thought before her it was natural to an uneducated mind to express the general contingency of death in the concrete form in which just then it was presented to her imagination. She was thinking of the possibility of death or she would not have made a will. But that possibility at that moment took the specific shape of not returning from her journey, and so she wrote, 'If I do not return.' "

We do not believe that our conclusion is in conflict with the holding in the case of Eaton v. Brown, supra. In that case the testator stated: "I am going on a Journey and may, not ever return. And if I do not, this is my last request." Thus far the words are substantially like the provisions of the will in this case: "I am going on a journey and I may never come back alive, so I make this will." If in the Eaton Case the further provision had been stated that in case the testatrix lived she would change it, a very different situation would have been presented and highly probably a different holding and conclusion of the court.

The contingent features of this instrument cannot be cast away. The contingency is expressed in the alternative of returning alive, and her mention of making changes in it. By naming the hospital item she does not make it absolute and unconditional, but carries a condition further in the statement, 'If I live I expect to have it done myself.' The will in the Eaton-Brown Case has no such provision. It did not refer to the alternative of returning from the journey alive, or to changes she would make if she came back alive. We believe that this case is clearly distinguishable from the Eaton-Brown Case and that our holding is not in conflict; that when Mrs. Morton stated, in case she returned from the journey, that she expected to change the will, the same was conditional. So far as we are advised, we have no case with a like provision as in this case, which has been construed by our courts. The Dougherty Case is the nearest one to it, so far as our investigation goes, and we refer to the following additional cases as tending to support this holding: Vickery v. Hobbs, 21 Tex. 571, 73 Am. Dec. 238; Phelps v. Ashton, 30 Tex. 345; Dougherty v. Holscheider, 40 Tex. Civ. App. 31, 88 S. W. 1113; Walker v. Hibbard, 185 Ky. 795, 215 S. W. 800; Morrow's Appeal, 116 Pa. 440, 9 A. 660, 2 Am. St. Rep. 616; Todd's Will, 2 Watts & S. (Pa.) 145; Magee v. McNeil, 41 Miss. 17, 90 Am. St. Rep. 354; Maxwell v. Maxwell, 3 Metc. (Ky.) 101; Hamilton's Estate, 74 Pa. 69; Dougherty v. Dougherty, 4 Metc. (Ky.) 25; Robnett v. Ashlock, 49 Mo. 171; In re White, Myr. Prob. (Cal.) 157; In re Jeffries' Estate, 18 Pa. Super. Ct. 439; Wagner v. McDonald, 2 Har. & J. (Md.) 346; Damon v. Damon, 8 Allen (Mass.) 192; 40 Cyc. 1082; 11 A. L. R. 846 to 859 (notes); 8 Ann. Cas. 1147 (notes); Alexander on Wills, pp. 116 to 120; Roberts' Appeal, 59 Pa. 70, 98 Am. Dec. 312; Poonarian's Will, 234 N. Y. 329, 137 N. E. 606; Gibson v. Seymour, 102 Ind. 485, 2 N. E. 305, 52 Am. Rep. 688; Goff v. Pensenhoffer, 190 Ill. 200, 60 N. E. 110; Leggett v. Firth, 132 N. Y. 7, 29 N. E. 950; Stonestreet v. Harrison, 15 Litt. (Ky.) 161–164; Coe v. Rosene, 66 Wash. 73, 118 P. 881, 38 L. R. A. (N. S.) 577, Ann. Cas. 1913C, 741.

Appellee, in addition to calling our atten-

tion to the cases cited in the Eaton-Brown Case, directs our special attention to the cases of French v. French, 14 W. Va. 558, and Likefield v. Likefield, 82 Ky. 589, 56 Am. Rep. 908, both of which cases are cited with approval by Judge Fly in the Holscheider Case and Judge Holmes in Eaton v. Brown.

The will in the Likefield Case reads as follows:

"Louisville, January 8th, 1859.

"If any accident should happen to me that I die from home, my wife, Julia Ann Likefield, shall have everything I possess, the house and lots and the money that is due to me, and for her to hold it as her own.

"Wm. A. Likefield."

Likefield did not die away from home, but died at home 22 years afterwards, and the latter part of the year before his death, in the presence of his wife, examined his papers, including this instrument, and, after reading it, placed it back in the box where he kept his papers, and told his wife to take care of it. The will of Likefield was contested, and it was insisted that same was conditional on Likefield's dying away from home. We quote the following from the quite lengthy opinion:

"A few general observations may aid in the solution of the question. The rule is that courts will not incline to regard a will as conditional, if it can be reasonably held that the maker was simply expressing his inducement to make it, however inaccurate the language may be for that purpose, if strictly construed; and unless the words show clearly that it was intended to be temporary or contingent, it will be upheld. In this instance, if the testator, by the words he used, referred to the possibility of his accidentally dying from home as a reason for making the will, then it must be maintained; but, if he intended by them to show that he was then making only a temporary or conditional disposition of his property it must fail, because the event named never happened. An unexpressed intention, however strongly we may suppose it to have existed, cannot be enforced; but, upon the other hand, a will cannot be allowed to fail upon slight indication that the testator intended it to be conditional. The end, however, to be assiduously sought, is the intention of the testator, and all rules must be subordinated to it."

If this will of Likefield had contained a provision that, in case he did not die from an accident on his trip, but should return, in that event he would change it, we would have a very different situation, and no doubt a different reasoning of that court.

Numerous other cases from our own and foreign countries as well have been referred to by both parties in their very able, exhaustive briefs and oral argument. It would unduly protract and extend this opinion, which has already assumed considerable length, to discuss each particular case, and we have only attempted to touch upon the high spots

in the leading cases relied upon by the respective parties. Page on Wills, § 77, states:

"A contingent or conditional will is one by the terms of which the will is not to take effect unless some condition precedent has happened, or which is not to take effect if some specific condition has happened."

Did the contingency in this case happen? Mrs. Morton returned alive, she survived the journey, and the changes in the will she had promised in her own mind and declared she would make were afforded by the providence of her Creator. If it was an instrument to be changed in case she returned, how, then, can it be said that it was her will; that it was not conditional and contingent. Could it be said, under the provisions of this will, after her return, by the terms of this instrument, that she was under any kind of obligation to the beneficiaries to let the provision stand as made? We say not. This will was made to serve for the journey, and, if she returned alive, the testatrix, in case she lived, did not deem it choice or desire for the bequests of this will to stand, and she reserved further to carry out her wishes by making a will according to her own desire, if she survived the journey.

[5, 6] In all will cases, each must stand upon its own bottom. The truth to be determined by this inquiry is: What was in the mind of the testatrix? What was intended, as reflected from the writing and the purpose it should serve? The determination of these facts make certain the place and alignment of the law. We find no like provisions, and, guided by the precedents and general principles announced by our own courts, we are called upon to blaze a new way and arrive at our own conclusions as to the force, effect, and meaning of the language of this instrument. The fact that the instrument was retained and delivered to her trusted attorney would not be a republication, for, if it is a conditional and contingent will, it could not be revived or given legal life by reason of such relationship and transactions with it.

We approach the disposition of this case with a great deal of responsibility, and appreciate the legal effect of our holding. We cannot move from the proposition that this will is conditional and contingent, as persuaded and proven by the very condition itself, "But I expect to make changes if I live."

Concluding that the will is conditional and contingent, it is the judgment of the court that the judgment of the trial court, probating same, be set aside, and that this cause be reversed, and judgment here rendered, refusing probate of said instrument; and it is so ordered.

PANNILL, C. J. (dissenting). I find myself unable to agree with the conclusion reached by the majority. The case has been so fully stated, and the authorities reviewed at such length, in the majority opinion, that it will not be necessary to do more than briefly state

the reasons for this dissent. The rules for determining whether a will is conditional or not, as stated by text-writers and in the leading cases, are accurately stated in the majority opinion, but in my judgment one of the most important of such rules has been ignored in the conclusion reached in that opinion, and this is that:

"If the language used in a will can by any reasonable interpretation be construed to mean that the testator referred to a possible danger or threatened calamity only as the reason for making a will at that time, the courts incline towards holding the will as not contingent."

To my mind it is patent that the language relied on to make this will contingent can certainly reasonably be construed as a statement of the occasion or reason for making the will. The first clause relied on amounts to no more than the usual preliminary statement, found in almost every will, of the testator's consciousness of the certainty of death and of the fact that the dread visitor may appear at any time. The second clause with reference to expected changes in no manner expresses any desire that the will should not take effect if the changes are not made. Nor by any possible construction can these words be construed as intending that, if the changes are not made, the will shall not take effect. The statement that she expected to build the hospital herself, if she lived, certainly does not express any intention that the bequest for the hospital was to be contingent on her death on the contemplated journey, but, on the contrary, expresses a settled and perhaps a long-considered desire, and is more persuasive toward the construction that the will is not contingent than that it is. I have been unable to find any supposable reason that a testator would leave money to a charity only in the event she died on a particular journey then in contemplation.

Neither does the reference to the indebtedness due her attorney partake of the nature of a contingency. Every person making a will does so with some sort of consciousness of the nearness of death, and this expression does not impress me as being at all unusual or different in legal effect from the expressions found in nearly all wills making some reference to the testator's debts. The statements referred to probably evince an intention on her part to write a more formal will if she lived, but do not fit the requirement that, before the testament can be held to be conditional, it must plainly provide that it is not to be effective unless a certain event transpires. As has been said:

"A will cannot be allowed to fall upon slight indication that the testator intended it to be conditional." Likefield v. Likefield, 82 Ky. 589, 56 Am. Rep. 908.

In each of the three Texas cases cited, the will contained words plainly expressing a contingency, as that the will was to be void if the testator survived the sickness with which he was then afflicted (Vickery v. Hobbs, supra); or, "Being on the eve of leaving home, * * * do make and will this request in case of my death while absent" (Phelps v. Ashton, supra); or as, "Being about to undergo an operation, in case anything happens to me, I want you to see to what I have left" (giving directions in the letter as to the disposition of testator's property). The will under consideration contains no such conditional language.

Dougherty v. Helscheider, 40 Tex. Civ. App. 31, 88 S. W. 1113, is the only colorable authority supporting the contention of appellant, and it contained, as stated, words of contingent nature wholly lacking here. So the conclusion of the writer is that, to declare Mrs. Morton's will contingent, it is necessary to reverse the rule, and imply from her words a condition which is not only not plainly expressed, but which words are susceptible to the construction that the words relied on to express a condition were used merely to state the occasion for making the will.

The construction given this will, in order to come within the decision of Dougherty v. Holscheider, supra, would make the preliminary clause read:

"I am going on a journey, and may never return; and, if I do not, this is my will."

This construction violates the rule above referred to, requiring the condition to be plainly expressed. If we turn to the American authorities outside of our own jurisdiction, they are overwhelmingly, in my opinion, against the contention that this is a conditional will. In each of the cases from other states cited in the majority opinion, where the will has been held to be contingent, a condition was clearly expressed. In Todd's Will, it was: "My wish, desire and intention now is that, if I do not return, what I own shall be divided," etc. In Morrow's Appeal it was: "I am going to town with my drill, and ain't feelin' good, and in case I shouldn't get back, do as I say on this paper." In Magee v. McNeill, in a letter to his wife, a Confederate soldier said: "And if I never get back to you, I want," etc. Like or similar language was used in all the remaining cases cited, to which the writer has had access. In a number of the other cases cited by the majority, wills containing preliminary clauses far more expressive of a condition than Mrs. Morton's will were held to be unconditional, and admissible to probate, such as Maxwell v. Maxwell and French v. French. A number of the cases cited are not accessible to the writer, except in notes to 11 A. L. R. 846; but the review of the cases in Page on Wills, §§ 81, 82, in my judgment, supports the position here taken.

I am further unable to agree with the ma-

'jority in the position taken that the decision in this case is not in conflict with Eaton v. Brown, supra. I am persuaded that the will there considered came much nearer to being a contingent will than this. That part of the will relied on in Eaton v. Brown, supra, to make it contingent has been quoted and is clearly expressive of the condition. If the language there used, "I am going on a journey, and may not ever return, and, if I do not, this is my last request," does not express a condition, then the language in the instant case, to the effect that "I am going on a journey and I may never come back alive, so I make this will, but I expect to make changes if I live," cannot be held to clearly express a condition.

I cannot agree with the majority conclusion that "so" is synonymous with "if." Webster's Dictionary does not so treat these words. The former is an adverb, expressing the manner or degree, while "if" is a conjunction, introducing a condition. Enough has been said to indicate the reasons I cannot agree with the conclusion reached by my brethren. In determining whether the will is contingent, no consideration has been given the validity of the bequests. Such questions can only be raised after the will has been probated and when all interested parties are before the court. Rev. St. 3433; Prather v. McClelland, 76 Tex. 574, 13 S. W. 543.

Believing the judgment probating this will should be affirmed, I respectfully enter my dissent.