Surrogate's Court, Kings County, July, 1918.     [Vol. 104.

Matter of the Petition of ANNA E. BITTNER, to Prove the Last Will and Testament of HERMAN H. BITTNER, Deceased.

(Surrogate's Court, Kings County, July, 1918.)

**Wills — execution of — recital contained in — when not entitled to probate.**

> Where decedent, by a paper written by himself in Holland in September, 1914, and duly executed before witnesses, recites that "If any misfortune should happen to me and our boy" on the way to New York and " if we both should lose our life in this critical time of European war," gave all of his estate to his wife, the gift is conditional, dependent not only upon the death of the decedent during the proposed voyage but upon the death also of his son, and where decedent is survived by his wife and two sons, one of whom was with him when the will was made, the paper is not entitled to probate.

PROCEEDING upon the probate of a will.

William H. Barradell, for proponent.

J. Hunter Lack, special guardian.

KETCHAM, S.   In September, 1914, the decedent being in Holland with his only son, about to sail to New York, wrote the instrument now propounded as his will, and mailed the same at Rotterdam to his wife in New York, who received it in due course of the mail.   The decedent arrived in New York with his son, and died in 1918.   The paper was duly executed before witnesses, and in its material parts is as follows:

" ROTTERDAM, *Sept.* 10, 1914.

" To Mrs. ANNA BITTNER,

    " 750 Nostrand Ave.,

        " Brooklyn, N. Y.:

" On this day, September 10, 1914, I, Herman Henry Bittner, have written the following guarantee and assurance that if any misfortune should happen to me and our Boy Herman John on the way of going abroad the Atlantic Ocean bound for New York, that if we both should loose our Life in this critical Time of European War, My Wife Anna Bittner, lawfull married to on 25th March, 1906, at Henry Blohme Cor Myrtle Ave. & Sumner Ave., Brooklyn, shall be the sole and only Benefactor of my Estate and Property and she may dispose of it as she sees fit. I also grant her permission under this circumstance to marry again if she desires to. The entire Property and Estate must always remain the property of the now Mrs. Bittner. To my best and truthful knowledge the property consist of — [here follows statement of assets and liabilities]. Out of this amount Anna Bittner 9 years ago, just on the 1 day of January, 1906 handed to me $1,300.00 in Cash for which amount she has no receipt or record. This said money we have jointly add to our Business to Liquidate Debts then due to the United Wine & Trading Co. New York City. Our son Herman John now age 6–7 has a saving account with the Brevoort Bank Cor Nostrand Ave. & Macon St. for about $175.00. Above statement and Will has been written by me personally on Sept. 10, 1914.

        " HERMAN HENRY BITTNER.

" In presence of: Henry A. H. Wolters and S. Listee, Am. Consul General."

Surrogate's Court, Kings County, July, 1918.     [Vol. 104.

The decedent is survived by his wife and two sons. The son who was with his father when the will was made is ten years of age. The other is two and a half years old.

The will seems plainly to be conditional upon the death of both the decedent and his son. When the whole will is inspired by a possible danger from a definite source, and the gift is made in terms to depend upon a failure to escape such danger, it must be conditional. The cases are irreconcilable, but the best authority, and the most abundant, is in favor of contingency when the sole gift is made to take effect if the decedent shall die upon an intended voyage. An admirable collection of the cases is found in 1 Alexander's Commentaries on Wills, 115 *et seq.*

In the case at bar, while it is true that the contemplated voyage in times of unusual peril may have been regarded by the testator as the occasion for making a will, it was also plainly shown in the instrument that the gift was to take effect only in the happening of a fatal event. The most persuasive feature of the paper is that the gift is dependent not only upon the death of the decedent during the proposed voyage, but upon the death also of his son.

When it is remembered that the only persons then living who would take his property if he died intestate were his wife and their son, then six years old, and that, if the will were general and absolute, it would result in the total disinheritance of the son, a grave significance is given to the twice repeated provision that the wife should be the only benefactor of the estate " if any misfortune should happen to me and our boy " on the way to New York, and " if we should both lose our life in this critical time of European war." Grammatically, the will was contingent upon the death of both, and, in view of the circumstances

and relations of the parties, the purpose and deter-
mination of the decedent that it should be contingent
seem quite clear. Probate will be denied.

Probate denied.