### BURKE et al. v. JACKSON.
#### No. 9888.

Court of Civil Appeals of Texas. Galveston.

June 22, 1933.

Dissenting Opinion Sept. 27, 1933.

Rehearing Denied Nov. 23, 1933.

Dissenting Opinion on Rehearing Dec. 12, 1933.

Adolph Seidemann, of New Braunsfels, and Baker, Botts, Andrews & Wharton and S. H. German, all of Houston, for appellants.

Stevens & Stevens, of Houston (C. F. Stevens, of Houston, of counsel), for appellee.

GRAVES, Justice.

These findings of fact and law (the former concededly supported by the undisputed evidence) sufficiently disclose, not only the nature and result of the suit below, but also the ground upon which the judgment there was based; they, together with an admittedly exact copy of the instrument therein referred to that forms the subject-matter of this controversy, are all in full as follows:

"I. That the instrument dated April 8, 1930, offered for probate as the last Will and Testament of Mary B. Jackson, Deceased, is testamentary in character.

"II. That the same was written wholly in the handwriting of the said Mary B. Jackson and was executed by her in the manner and with all the formalities required by law to make same her last Will and Testament.

"III. That at the time of the execution of said purported Will the said Mary B. Jackson was a resident in the City of Houston, Harris County, Texas, and was of sound and disposing mind and memory, and that she continued of sound and disposing mind and memory until the date of her death.

"IV. That nothing unusual happened to either the said Mary B. Jackson or to her husband, Fred C. Jackson, who is referred to in said instrument as 'Mr. Jackson,' while on the trip to Port Arthur, but that they each returned safely from said trip, and the said Mary B. Jackson lived thereafter until the 30th day of March, 1931, and the said Fred C. Jackson is still living.

"V. That the said Mary B. Jackson died at her residence at 6910 Avenue N, in the City of Houston, Harris County, Texas, on the 30th day of March, A. D. 1931, and after the said 8th day of April, 1930, she never did any act which would constitute a revocation of said purported Will if the same constituted in law a valid Will.

"VI. That the proponent herein, Benjamin A. Denny, a practicing attorney of the City of Houston, Harris County, Texas, is the same person addressed and referred to in said instrument as 'Mr. Denney,' and that the said Benjamin A. Denny is a proper person and is not disqualified from acting as executor.

"The Court concludes, however, that said instrument on its face as a matter of law shows that it is contingent and conditional, and that it, therefore, never became effective as a valid Will, and for that reason alone is not entitled to be admitted to probate as the last Will and Testament of the said Mary B. Jackson, Deceased.

"It is, therefore, ordered, adjudged and decreed that the application of the said Benjamin A. Denny filed in the Probate Court of Harris County, Texas, July 14, 1931, for the probate of said instrument of April 8, 1930, as the last Will and Testament of the said Mary B. Jackson, Deceased, be refused and denied."

"April 8, 1930.

"To Mr. Denney

"Mr. Jackson and I Mrs. Jackson are going to Port Arthur for 2 days and if any thing should happen to us I want you (Mr. Denney) to see that my mother Mrs. L. D. Burke at 6910 Ave. N. gets all of my real estate & all the life Insurance and all that I leave on earth. Please see that she does.

"Mary B. Jackson
"6910 Ave. N."

Such being the state of the record as presented here, the sole question for this court to determine is whether or not the facts stated, on the law, justified the legal conclusion reached and the consequent judgment rendered; we are constrained to hold that they did, and, since the rules of construction with reference to just such writings happily appear to be well-defined, especially in Texas, it is not deemed really essential that more be done than to cite this group of authorities so declaring the law upon the subject: Dougherty v. Holscheider, 40 Tex. Civ. App. 31, 88 S. W. 1113; Vickery v. Hobbs, 21 Tex. 571, 73 Am. Dec. 238; Phelps v. Ashton, 30 Tex. 345; Ferguson v. Ferguson (Tex. Sup.) 45 S. W.(2d) 1096, 1099, 79 A. L. R. 1163; Matter of Bittner, 104 Misc. 112, 171 N. Y. S. page 366; Cowley v. Knapp, 42 N. J. Law, p. 297; Walker v. Hibbard, 185 Ky. 795, 215 S. W. 800, 11 A. L. R. p. 832, and annotation, with cited authorities, at page 846 et sequitur; In re Poonarian's Will (Marlowe v. Illwanian) 234 N. Y. 329, 137 N. E. 606, decided 1922.

The able Judge A. E. Amerman, for the Supreme Court of Texas in Ferguson v. Ferguson, supra, after reviewing various applications of the generally accepted principles there enumerated, seems to us to clearly distinguish this case on its facts from that one, et id genus omne (inclusive of Eaton v. Brown, 193 U. S. 412, 24 S. Ct. 487, 48 L. Ed. 730, upon which appellants here rely), in this brief summary: "There are no express words expressing a condition in Mrs. Morton's will such as: 'If I die on this trip,' 'If anything happens,' or the like. Not containing the words of condition, her will does not fall within the rule announced in the Dougherty Case where the words were 'in case anything should happen.'"

In other words, it seems plain to us that in the clear note here involved Mrs. Jackson merely meant the disposition therein specified to be effective in case anything happened to both Mr. Jackson and herself on that contemplated journey to Port Arthur; she unequivocally makes the whole thing conditional upon

the happening of that simply named contingency, and we think nothing more can be read into nor anything less deduced from it. Since the contingency did not happen, the paper never became a will.

These conclusions require an affirmance of the trial court's judgment; it will be so ordered.

Affirmed.

PLEASANTS, Chief Justice (dissenting).

I cannot agree with my associates in the conclusion that the holding of the trial court that the will of Mrs. Mary B. Jackson, offered for probate by the executor named therein, and which is correctly copied in full in the opinion of the majority, "is contingent and conditional on its face, and never became effective and valid as a will, and for that reason is not entitled to be admitted to probate," should be affirmed.

The trial court finds, and the evidence shows, that the instrument offered for probate as the will of Mrs. Jackson is testamentary in character, and was duly executed with all the formalities required by law to make it a valid will, and that at the time of its execution Mrs. Jackson was possessed of sound and disposing mind and memory, and continued in that condition until her death about a year thereafter. It seems to me that the construction placed upon the instrument by the trial court, if not forced and unreasonable, is clearly not the necessary or the only reasonable construction of the language of the instrument.

The instrument unmistakably indicates that Mrs. Jackson did not intend to die intestate, and the disposition of her estate made by this instrument should not be construed as contingent, unless such intention clearly appears either expressly or by necessary implication from the language of the instrument as a whole. Eaton v. Brown, 193 U. S. 411, 24 S. Ct. 487, 48 L. Ed. 730. I cannot so interpret this will. The fact that she mentions in the instrument the event, the contemplated trip of herself and husband to Port Arthur, which induced her to make her will at that time, does not require the will to be construed as contingent upon her death on that trip (28 R. C. L. 166, § 121), nor is such contingency apparent from the language "if anything should happen to us."

In Thompson on Construction of Wills, §§ 56 and 59, the following rules are announced:

"The mere making of a will gives rise to a presumption against intestacy.

"The burden is on an heir claiming intestacy to rebut such a presumption.

"When a person having capacity to make a will, acting on his own free will, intentionally executes, with the formalities required by the statute, an instrument testamentary in form and substance, animus testandi is presumed.

"The abhorrence of courts to intestacy under a will has been likened to the abhorrence of nature to a vacuum. So courts generally construe wills in such manner as to avoid creating an intestacy, if possible.

"A will fairly subject to two constructions, one rendering it inoperative, and the other valid, that construction which would avoid intestacy should be given."

In construing a will which is fairly susceptible of two constructions, one of which would render it inoperative and the other valid, that construction which would avoid intestacy should prevail. The intention of the testator should always be followed when it can be fairly ascertained from the language of the instrument as a whole, and in construing the writing, the relationship of all the parties, the condition of dependence of the beneficiary upon the donor, and the reasonable fairness of the disposition made by the testator of his estate should all be considered in determining the question of the intention of the testator.

The record shows that appellant, Mrs. Jackson's mother, was dependent upon, and had lived with, the testatrix for about thirty years, and the desire and intention of the daughter to care for her mother in her old age was natural and laudable. The property disposed of by the will was community property of Mrs. Jackson and appellee. They had no children, and there is nothing in the evidence to indicate that the appellant's one-half of the property was not sufficient for his maintenance and support during the remainder of his life. In these circumstances, there is and can be no claim of unfairness to him if Mrs. Jackson's desire for the disposition of her estate as directed by her will be fulfilled. The fact that, during the remaining year of her life after the execution of this will, she was possessed of sound and disposing mind and memory, and yet permitted this will to remain with the executor named, wrote no other will, and expressed no desire for any change in the disposition of her property, are circumstances which strongly negative the conclusion of the trial court and my associates that she intended the bequest to her mother to be contingent upon her death or the death of herself and husband upon the trip to Port Arthur.

The facts in the case of Ferguson v. Ferguson (Tex. Sup.) 45 S.W.(2d) 1096, 79 A. L. R. 1163, supporting the conclusion that the instrument offered for probate as a will was contingent and conditional, were much stronger than the facts of this case. The cited case expressly holds that, if the event mentioned in the will merely indicates the immediate inducement for making it, the will should be held valid if such construction is permitted by any reasonable interpretation of the lan-

guage in the light of attending circumstances. I do not think my conclusions in this case can be held in conflict with the holding in the Ferguson Case.

I think the judgment should be reversed and judgment rendered by this court admitting the will to probate.

## On Motion for Rehearing.

GRAVES, Justice.

After the fuller light of a reconsideration, this court is constrained to adhere to its original holding that this brief and informal memorandum—written by Mrs. Jackson in a scrawling hand upon a small piece (4½ by 6½ inches) of ordinary note paper, as the photostatic copy attached to the statement of facts unmistakably shows, on the eve of the departure together of herself and her husband for the seashore at Port Arthur—was never intended as other than a provision by forethought against the sole contingency of their both failing to likewise return together alive from that brief journey, hence should not now be given the legal effect of an unconditional will, when such contingency, so unequivocally expressed in the note itself as its sine qua non, has wholly failed.

We are not construing internal parts or portions of an instrument shown in other respects to be a valid will, but, at the threshold, one as an entirety that is tendered as such, and might be that—in so far as concerns form alone; accordingly, the sole material inquiry left over under the well-settled rules of construction relating to this species of documents is: "Whether the contingency is referred to as the reason or occasion for making the disposition, or as the condition upon which the disposition is to become operative," French v. French, 14 W. Va. 459; in other words, in the language of Dougherty v. Holscheider, 40 Tex. Civ. App. 31, 88 S. W. 1113, 1114: "If it appears that the testator intended to dispose of his property in case of the happening of the named event, then it will be held to be conditional. * * *

"In most of the cases holding wills dependent on the happening of the condition named, the words 'if I never get back,' referring to a certain journey, or 'should anything happen to me,' referring to a particular time or event, were used."

These cases, among many others, inclusive of the latest direct expression of the Texas Supreme Court on the precise question in Ferguson v. Ferguson, 45 S.W.(2d) 1096, 79 A. L. R. 1163, were cited in our former opinion as making very clear this stated rule; so that there can remain but the one task of correctly applying this principle to the language of Mrs. Jackson here involved. It is permissible, in attempting to do that, to take into consideration the circumstances surrounding her at the time, and, when that is done, who can doubt that she merely intended to so dispose of her property in case anything should happen to both Mr. Jackson and herself on that imminent journey, when she unequivocally says that (using practically verbatim the expressions ruled upon in these cited cases), and nothing else? "*If* anything *should* happen to *us*," through the use of both conjunctive and subjunctive words not only thus doubly introduces a condition, but one that was itself two-pronged—that is, whatever happened to her must alike befall Mr. Jackson also; there is no designation of the missive as "last will," or a "will" at all, nor other intimation of its being so intended, like a purpose of changing it, if she came back alive; nor, finally, is there any ambiguity or uncertainty whatever—just the plain, clear statement that what she requested was to be done "for the nonce," or on that condition only.

These considerations, in our opinion, differentiate this case from that of Ferguson v. Ferguson (Tex. Sup.) 45 S.W.(2d) 1096, 79 A. L. R. 1163, and the similar one of Eaton v. Brown, 193 U. S. 412, 24 S. Ct. 487, 48 L. Ed. 730, and bring it within the rule applied in Dougherty v. Holscheider, 40 Tex. Civ. App. 31, 88 S. W. 1113, and those collated thereunder in our original opinion.

Conspicuous among the latter is Matter of Bittner, 104 Misc. 112, 171 N. Y. S., page 366, in which the deceased wrote a letter to his wife—on the eve of his departure with his son for Europe—to the effect that, if any misfortune should happen to him or his son in going abroad, he wanted his wife to have his property. It appears that nothing happened to either of them. The court, in holding the will to be contingent, on facts thus practically on all fours with those obtaining here, said:

"The will seems plainly to be conditional upon the death of both the decedent and his son. When the whole will is inspired by a possible danger from a definite source, and the gift is made in terms to depend upon a failure to escape such danger, it must be conditional. The cases are irreconcilable, but the best authority, and the most abundant, is in favor of contingency when the sole gift is made to take effect if the decedent shall die upon an intended voyage. * * *

"While it is true that the contemplated voyage in times of unusual peril may have been regarded by the testator as the occasion for making a will, it was also plainly shown in the instrument that the gift was to take effect only in the happening of a fatal event. The most persuasive feature of the paper is that the gift is dependent, not only upon the death of the decedent during the proposed voyage, but upon the death also of his son."

The analogy between the Bittner Case and the one at bar is that, if this contingent request of the wife should be regarded as an

absolute will, the husband would be disinherited to the extent of his wife's full half of joint accumulations, which otherwise would go to him by statute. R. S. articles 2578 and 3662. Mr. Jackson in this case, as in the case of the six year old son in the Bittner Case, would take all the property as the wife's heir, unless there was an absolute will. As said in the Bittner Case, the most persuasive feature of the paper is that the gift is dependent, not only upon the death of the writer during the proposed voyage, but upon the death also of his son.

It may be added that this paper was undisputedly shown to have been in the possession of the proponent, Mrs. Jackson's mother, from the date of its execution until after the death of the former; that Mr. Denny had never seen it until shortly before it was offered for probate; that the proponent had been cared for in the home of Mr. and Mrs. Jackson for thirty years before the daughter's death, wherefore, presumably at least, Mrs. Jackson might reasonably have assumed —in conditioning the gift to her mother direct upon something happening to Mr. Jackson too—that, if and so long as he lived, he would continue their provision for the mother; that the property affected had at all times been the community holdings of the husband and wife, who never had any children; and that the record fails to contain any intimation whatever that Mrs. Jackson ever entertained an idea of cutting off her husband from sharing in her part of their common gains.

The motion will be overruled.

Overruled.

PLEASANTS, Chief Justice (dissenting).

In a forceful reply of Justice GRAVES to the dissenting opinion heretofore filed in this case, it is stated that the paper offered for probate as the last will of Mrs. Jackson was not, as stated in the dissenting opinion, left by the testatrix in the possession of Mr. Denny, the executor therein named, but remained until the death of Mrs. Jackson in possession of her mother, the named beneficiary, to whom it was given by the testatrix. Without any further examination of the record, I assume Justice Graves' statement as to this matter is accurate, and the statement in the dissenting opinion erroneous, but I fail to see that it is at all material to the question we are called upon to decide whether the purported will was left by the testatrix with the named executor or with the beneficiary. The fact that the testatrix did not revoke or destroy the will after her safe return from Port Arthur has the same force as evidence that it was not intended by her as conditional upon the death of herself and husband on that trip.

There is a further statement in the dissenting opinion which may be further elucidated. After discussing the case of Ferguson v. Ferguson (Tex. Sup.) 45 S.W.(2d) 1096, 79 A. L. R. 1163, it is said in that opinion: "I do not think my conclusions in this case can be held in conflict with the holding in the Ferguson Case." That case was cited by both appellants and appellee in support of their respective contentions as to the construction of the offered will. The court held in the Ferguson Case that the instrument offered as a will was not conditional, though the facts tending to show it was intended as conditional were, in my opinion, stronger than the facts of this case. The court based its holding affirming the judgment probating the will on the well settled general rule that a will should not be held conditional and void, if it can be reasonably construed to be valid. This is the basis of the dissenting opinion in this case. The support for appellee's contention in this case found in the opinion in the Ferguson Case are quotations from opinions of courts of other states, which the court deciding the Ferguson Case declined to follow.