**In re BAGNALL'S ESTATE.**

No. 11917.

Court of Civil Appeals of Texas.
San Antonio.

March 3, 1949.

Rehearing Denied March 30, 1949.

I. M. Singer, Corpus Christi, for appellant.

Jack K. Pedigo, Corpus Christi, for appellee.

W. O. MURRAY, Justice.

The question presented by this appeal is whether the following instrument is entitled to probate as the will of W. W. Bagnall, deceased, to-wit:

> "C. A. Phillips
> "Willys-Knight        Overland
> "Corpus Christi, Texas
> "Oct. 5, 1929.
> "Remember me W. W. Bagnall by this. If any thing happens to me. While gone. All my belongings and estate goes to James B. Bagnall Brother of mine.
> "W. W. BAGNALL
> "Oct. 5, 1929."

W. W. Bagnall, deceased, died on September 3, 1947, in Nueces County, Texas, and his brother, James B. Bagnall, offered for probate the above instrument as the last will of W. W. Bagnall, deceased. Sam Bagnall, another brother, contested the probate of this instrument upon the ground that it was a conditional or contingent will, and was not entitled to probate because the condition stated therein had not transpired. The instrument was denied probate in both the county probate court and the district court, and from the judgment of the district court of the 94th Judicial District of Nueces County denying the probate of the will this appeal has been taken.

The trial began to a jury, but on the closing of the evidence the trial judge withdrew the case from the jury and held as a matter of law that the instrument offered was a conditional will and that the contingency upon which it was based had not occurred, and therefore it was denied admission to probate as the last will and testament of W. W. Bagnall, deceased.

Evidence was introduced tending to show that it was the habit of W. W. Bagnall during his lifetime to go on frequent hunting and fishing trips, and that the proffered instrument was written by W. W. Bagnall, deceased, shortly before leaving on either a fishing or hunting trip, or possibly just a ride into the country. The instrument

was wholly in the handwriting of W. W. Bagnall, deceased, and was executed in the manner and under the forms and solemnities which would ordinarily authorize the instrument to be probated as a will, and unless the instrument is a contingent and conditional will it would unquestionably be entitled to probate.

The evidence further shows that W. W. Bagnall, deceased, owned a boat, which he operated upon the waters in and about Corpus Christi, Texas, and at the time of his death he had been employed by one William E. White to assist him in his diving operations, and that this employment required deceased to operate his boat upon the ship channel within the city limits of Corpus Christi. Deceased at the time he wrote the instrument was operating a garage and repair business next door to the plumbing business of his brother, James B. Bagnall. Deceased and his brother, James B. Bagnall, were closely associated and there seems to be nothing unnatural in the fact that he would desire to leave his property to his brother, James B. Bagnall, rather than have it divided among his many brothers and sisters, his mother and, perhaps, several nieces and nephews. While the instrument offered for probate was executed on October 5, 1929, W. W. Bagnall, deceased, did not die until September 3, 1947. During these almost eighteen years the instrument offered for probate was kept in a safe which was jointly used by W. W. Bagnall and James B. Bagnall.

We have concluded that the trial court was in error in deciding that the instrument offered for probate was a conditional or contingent will, and that the contingency upon which it was based had not occurred at the time of W. W. Bagnall's death. It will be borne in mind that W. W. Bagnall did not mention in this instrument the fact that he was taking any kind of a trip at that time or at some future day. He does use the expression that if anything happens to me "while gone," but it is not clear whether that expression relates to any particular trip or journey upon which he was to embark, or meant that if at any time in the future something should happen to him "while gone," he desired certain dispositions made of his estate. There is nothing in the evidence that clarifies this situation. It is not clear what was intended by the expression "while gone." Did he mean "while gone from home," "while gone from his shop," or "while gone from the city"? If it was intended to say while gone from his home or gone from his shop, then the contingency did happen, because he died while away from both his home and his shop. On the other hand, if he intended by the expression "while gone" to mean while gone from the city, then the contingency did not happen, because he died within the city limits of Corpus Christi, the city in which he lived and where the instrument was written.

It occurs to us that the supposed contingency expressed in the will is so vague and indefinite as to what is intended, especially as no particular trip, journey or emergency of any kind is mentioned therein, that the expression is regarded as a reason for executing the will rather than a condition upon which it is based. If the will is to be regarded as a contingent will, then the contingency upon which it is based must be either expressly set forth in the will or arise by necessary implication from the language used in the will. There are many cases discussing when a will is to be regarded as a conditional or contingent will and when as an absolute will. Naturally, no two cases are exactly the same and each case is based upon a different state of facts and different language in the instrument, and therefore it is difficult to lay down a basic rule that will govern in each case.

In support of his contention that the instrument here offered was a contingent will, Sam Bagnall, appellee-contestant, relies principally upon Vickery v. Hobbs, 21 Tex. 570, 73 Am.Dec. 238; Phelps v. Ashton, 30 Tex. 344, 345; Dougherty v. Holscheider, 40 Tex.Civ.App. 31, 88 S.W. 1113; Burke v. Jackson, Tex.Civ.App., 65 S.W. 2d 430, 431. We have examined all of these authorities and find that in each case the instrument offered for probate mentioned a definite trip or happening in connection with the condition upon which the will was based. The strongest Texas case supporting the contention of proponent,

James B. Bagnall, appellant here, to which we are cited, is the case of Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163. However, we do not regard this case as being directly in point on the facts. We have found some cases from foreign jurisdictions which we think are directly in point, and which we are inclined to follow.

In Likefield v. Likefield, 82 Ky. 589, 56 Am.Rep. 908, the instrument offered for probate contained the following provision: "if any accident should happen to me that I die from home, my wife, Julia Ann Likefield, shall have everything I possess, etc." This instrument was executed by William A. Likefield on January 14, 1859, he died at home on March 28, 1881, more than twenty-one years after executing the instrument. In that case the court said:

"His brother and sisters, and the children of a deceased brother, now contend that it was a contingent will, and never became effective, as he died at home; that the words 'if any accident should happen to me that I died from home' constitute a condition, while upon the other hand the widow urges that they were only used to give a reason for making the will.

"A few general observations may aid in the solution of the question. The rule is that courts will not incline to regard a will as conditional, if it can be reasonably held that the maker was simply expressing his inducement to make it, however inaccurate the language may be for that purpose, if strictly construed; and unless the words he used, referred to the possibility of his accidentally dying from home as a reason for making the will, then it must be maintained; but if he intended by them to show that he was then making only a temporary or conditional disposition of his property, it must fail, because the event named never happened.

"An unexpressed intention, however strongly we may suppose it to have existed, cannot be enforced; but upon the other hand, a will cannot be allowed to fail upon slight indication that the testator intended it to be conditional. The end however to be assiduously sought is the intention of the testator, and all rules must be subordinated to it."

We think the facts in that case are very similar to the one at bar, in that in one the expression "away from home," is used, and in, the other the expression "while gone," which apparently mean one and the same thing, is used.

Another case very much in point is that of Succession of Gurganus, 206 La. 1012, 20 So.2d 296, 297. In that case the instrument provided, "I Louise G. Gauthier if anything should happen that I would not return. I want by sisters * * *." In that case the court said:

"Unless the terms of the will show that it was intended to be contingent, the will must be regarded as absolute and unconditional.

"We are presented with a case entirely different from those cited by the appellant. In the present will, we find different language: '* * * if anything should happen that I would not return. I want my sisters * *. * Brothers * * * to have what I own * * *.'

"Undoubtedly the testatrix was thinking of the possibility of death or she would not have made a will. The will is general in its nature, and the reason assigned for writing the will is general in its nature. It does not appear that it was intended to be operative only during a certain period or until a certain emergency had passed. The authorities cited by the appellant involve wills that clearly show that they were intended to be operative only during a certain period of time or until an emergency had passed. This is not true in the present case.

"The testatrix never revoked the will during the long period of years elapsing between its writing and her death. This is an additional reason why the will was never intended to be conditional."

Another recent case very much in point is Wood v. Greimann, 9 Cir., 165 F.2d 637. The probated will provided: "We have to give reference as nearest of kin to be notified in case of death. I gave you my boy, and in case I die, if they do operate I bequeath you my belongings and property all

except $100.00 to be given Robert Gallagher to help him in his education."

The court held this to be an unconditional will, and in doing so said:

"In so construing the language of the letter we are in accord with the tendency of the courts to construe similar language as the reason for executing a will rather than as a precedent to its validity if such a construction can reasonably be made. Page on Wills, Lifetime Edition, vol. 1, § 96, pp. 209, 210.

"Furthermore such a construction follows the general rule that intestacy is not favored."

We cite the following additional authorities: National Bank of Commerce v. Wehrle, 124 W.Va. 268, 20 S.E.2d 112; Bradford's Adm'x v. Bradford, 4 Ky.Law Rep. 947; 11 A.L.R. 855; Eaton v. Brown, 193 U.S. 411, 24 S.Ct. 487, 48 L.Ed. 730; Watkins v. Watkins' Adm'r, 269 Ky. 246, 106 S.W.2d 975; In re Moore's Estate, 332 Pa. 257, 2 A.2d 761.

██ The present will recites no condition which is definite as to any event or period of time. W. W. Bagnall, deceased, was undoubtedly thinking of the possibility of death or he would not have written the instrument. The fact that he wrote the instrument indicates that he did not desire to die intestate. It does not appear that he intended that the instrument should be operative during a certain period or until a certain emergency had passed. He never revoked the will during the long period of years elapsing between its writing and his death, and we are therefore of the opinion that the will should be construed as being absolute rather than contingent.

██ However, should this instrument be construed as a conditional will and further that W. W. Bagnal intended that it should be operative only in the event that something happened to him "while gone," we would still be of the opinion that the instrument is entitled to probate because W. W. Bagnall did die "while gone." We cannot add anything to the expression "while gone" and a person who dies away from his home and away from his place of business can very properly be said to have died "while gone."

The judgment of the trial court will be reversed and judgment here rendered ordering the instrument described herein probated as the last will and testament of W. W. Bagnall, deceased, and a certified copy of this judgment will be forwarded to the Probate Court of Nueces County for observation.

Reversed and rendered.