## SAM BAGNALL V. JAMES B. BAGNALL.

No. A-2225. Decided October 26, 1949.
Rehearing overruled December 7, 1949.
Second Motion overruled January 11, 1950.
(225 S. W., 2d Series, 401.)

424

Justices Griffin and Garwood dissenting.

*Carroll, Pedigo and Wade* and *Jack K. Pedigo,* all of Corpus Christi, for petitioner.

The Court of Civil Appeals erred in holding that the will in question was an absolute will. Vickery v. Hobbs, 21 Texas 571; Burke v. Jackson, 65 S. W. (2d) 431; Eaton v. Brown, 193 U. S. 411.

*I. M. Singer,* of Corpus Christi, for respondent.

MR. JUSTICE HARVEY delivered the opinion of the Court.

This appeal involves the construction of an instrument written wholly in the handwriting of W. W. Bagnall, which was offered for probate in the county court of Nueces County as his last will by his brother, James B. Bagnall. This instrument reads as follows:

"Oct. 5, 1929.

"Remember me W. W. Bagnall by this. If any thing happens to me. While gone. All my belongings and estate goes to James B. Bagnall Brother of mine.

W. W. BAGNALL
"Oct. 5, 1929."

W. W. Bagnall died on September 3, 1947, about eighteen years after execution of the instrument in question, in Nueces County, Texas, and the paper alleged to have been his last will was offered for probate by James B. Bagnall, a brother named in the will. Another brother, Sam Bagnall, contested the probate of the instrument on the ground that it was a contingent or conditional will and was not entitled to probate because the condition stated in it had not occurred. The county court, as well as the district court, refused to admit the will to probate, and upon appeal the Court of Civil Appeals reversed these judgments and ruled that the instrument in question was entitled to probate as the will of W. W. Bagnall, 222 S. W. (2d) 1015. In the district court the case was tried to a jury, and at the conclusion of the testimony the presiding judge withdrew the case from the jury and rendered judgment.

The adjudicated cases in this as well as other jurisdictions, together with the text writers, are in agreement as to the definition of "contingent will." It is simply a will which is "to take effect only upon the happening of a specified contingency." "Such a will is operative if the contingency happens or occurs, but its operation is defeated by failure or nonoccurrence of such contingency." 68 C. J., Wills, sec. 256. Also see Atkinson on Wills, sec. 150, p. 364. In determining whether a will is contingent or otherwise, the thing to be determined is whether the happening of the possibility referred to is a condition precedent to the operation of the will, or whether the possibility of the happening was only a statement of the motive or inducement which led to the preparation and execution of the instrument. If the contingency mentioned is a condition precedent to the validity of the will, such contingency must have taken place in order to entitle the will to probate; if the possibility mentioned is only the inducement which prompted the making of the will, then such will is effective upon the testator's death even though such event does not take place. These principles of law are not in dispute, and the question for determination is solely the construction of the terms of the instrument as they have been set out hereinabove. If the particular verbiage used constitutes the instrument a contingent or conditional will, then it is not subject to probate; on the other hand, if under the words used the possibility mentioned is only the inducement for the making of the will, then upon the testator's death it is effective even though such possibility or event has not taken place. A rather pertinent illustration in this regard is used by an English court in the case of Vines v. Vines, L. R. 1910, P. 147, 150. In discussing whether the possibility of an event's happening is given

merely as a reason for making the will or whether the event in question must occur before the will can become operative, the court said: "If a man write 'should I die to-morrow, my will is' so and so, his death must occur to make the document operative; whereas if he write 'lest I die to-morrow,' it will be operative whether he die or not on the morrow."

■ In this case the writer of the instrument begins the conditional clause with the conjunction "if," which clearly expresses a condition. The use of this word in itself implies a condition; it means "provided," or "in case that." Then, as if to emphasize what he has in mind, the testator adds as a separate sentence the words "while gone." In this connection, it is to be noted that the word "gone" has a well-defined meaning. It means "departed"; "absent"; "to depart or pass from one station in space to another which is implied as farther away."

The Court of Civil Appeals in its opinion cites a number of cases from other jurisdictions in support of its conclusion that the will here involved was general or absolute in nature. Examination of the authorities in other states will disclose a great wealth of cases holding contrary to those cited. There are not a great many cases in Texas which bear directly on the point, but there are several decisions in which the factual situations are quite similar to the facts in this case. There is no conflict in these Texas decisions, and all of them can be reconciled upon the facts. The Supreme Court of this state in the case of Phelps v. Austin, 30 Texas 344, had under consideration a writing quite similar in nature to the instant one. The wording in that instrument was as follows: "I, H. C. Ashton, Sr., being on the eve of leaving home for an indefinite time, and not knowing what Providence may ordain during my absence, do make and will this request in case of my death while absent." Something like five months after executing the instrument, he was shot some distance from his home and died from the effects of the wound. Just before his death he told a friend to look in his desk, where he would find his will, which he wanted his wife to carry out. In disposing of the contention that the writing was a contingent will, the court used the following language: "It is quite apparent that this was a contingent will, depending for its validity as a will upon the happening of the event named, his 'death while absent,' at that leaving of home. And if he did not die on that trip, it is quite clear that the instrument could not take effect as his will." 30 Tex. at 348. We can perceive of no sound reason for drawing a distinction between the words "while absent" and "while gone." In the last-mentioned case

the will was admitted to probate, but upon the ground that in the absence of a full statement of facts it was presumed that the trial court found as a matter of fact that the contingency contained in the will had occurred.

In the opinion of the Court of Civil Appeals reference is made to the case of Ferguson v. Ferguson, 121 Texas 119, 45 S. W. (2d) 1096, 79 A. L. R. 1163, which was cited to the court as an authority in support of the contention of the respondent, James B. Bagnall. That court, however, made the observation that it did not regard the Ferguson case as being directly in point on the facts. We are of the opinion that the Ferguson case is authority for the proposition that the language as used in the instant case makes it a conditional will. In that case the pertinent portion of the instrument is as follows:

"Last Will of
Kate F. Morton

"I am going on a journey and I may never come back alive so I make this Will, but I expect to make changes if I live." Then follows various bequests. We quote as follows from the opinion in the Ferguson case: "There are no express words expressing a condition in Mrs. Morton's will such as 'If I die on this trip,' 'If anything happens,' or the like. Not containing the words of condition, her will does not fall within the rule announced in the Dougherty Case where the words were 'in case anything should happen.'" 121 Texas at 126, 45 S. W. (2d) at 1099. Very properly the holding in that case was that it was an absolute will and that the words construed were merely a reference to the reason or inducement for making the will.

In the case of Dougherty v. Holscheider, 40 Texas Civ. App. 31, 88 S. W. 1113, error dismissed, the pertinent language in the will was: "Friend Jim, I am going to start to Monterey to-morrow to have a surgical operation performed on me, and possibly I may never get back alive. * * * But, in case anything should happen, I want you to see to what I have left." The court concludes that the will was contingent in that the words of the letter "indicate clearly that it was written merely as an expedient in case of death resulting from the operation." 88 S. W. at 1115.

In the case of Burke v. Jackson, 127 Texas 623, 95 S. W. (2d) 1296, opinion by Judge Taylor, the court had under consideration an instrument in which the signer stated that "Mr. Jackson and I Mrs. Jackson are going to Port Arthur for 2

days and if any thing should happen to us I want you (Mr. Denny) to see that my mother * * * gets all of my real estate * * *." The writing in that case was held inoperative as a will because the contingency did not occur. The case of Ferguson v. Ferguson, supra, was very clearly and cogently distinguished, and its holding based upon the particular facts of the case was approved.

In the case of Vickery v. Hobbs, 21 Texas 570, 73 Am. Dec. 238, in discussing whether or not certain words constituted the will contingent or absolute, the court quoted with approval from another case in which the words that the court was called upon to construe were: "My wish, desire and intention now is, that if I should not return (which I will, no preventing providence) what I own shall be divided as follows: * * *." The court in referring to that opinion stated as follows: "The court thought it evident that this arrangement of his affairs was intended to be provisional, and not to serve in the event of his death at home; and he having returned and died in about a month thereafter, the court held that the instrument ought not to be admitted to probate." 21 Texas at 573.

The Court of Civil Appeals alternatively in its opinion stated that if the will should not be construed as an absolute one, as held by them, and if it should be held conditional and that W. W. Bagnall intended that it should be operative only in event that something happened to him "while gone," that they were of the opinion that the instrument is entitled to probate because W. W. Bagnall did die "while gone." In other words, a rather restricted meaning was given to the words, "while gone," and is different from the fact findings filed by the trial court. In other findings the court found that W. W. Bagnall, the testator, wrote the instrument in 1929 while he was anticipating a hunting and fishing trip and immediately before he went on said trip; that he actually went on the trip and returned, and that he died in September, 1947, in Corpus Christi, Texas, while performing the usual duties of his occupation; further, that the uncontroverted evidence showed that nothing did in fact happen to W. W. Bagnall while gone, but that he returned from his trip and lived many years thereafter. Abundant testimony supported these findings of the trial court; notably, two disinterested witnesses testified without contradiction that Bagnall told them that he wrote the instrument in quesion just before starting on a fishing trip and that he meant it to apply only for that trip. No attack is made on these fact findings in the appellate court and no point is presented that

there is no evidence to sustain them. We are of the opinion that the instrument offered as the last will and testament of W. W. Bagnall, deceased, shows on its face, that it is a contingent or conditional will, which, taken in connection with the trial court's finding that the contingency had not occurred at the death of the testator, rendered it not subject to probate. Consequently, the judgment of the Court of Civil Appeals will be reversed, and the judgment of the county probate court and of the district court in holding that the instrument in question was a contingent will and not subject to probate will be affirmed.

Opinion delivered October 26, 1949.

MR. JUSTICE GRIFFIN, joined by Justice Garwood, dissenting.

I find myself unable to agree to the majority opinion in this cause and respectfully file this dissent.

I believe the rules governing the construction of the instrument involved are well settled and are as follows:

1. A will is construed to be a general, and not a contingent, will, unless the intention to the contrary clearly appears either expressly or by necessary implication from a reading of the language of the will as a whole. Ferguson v. Ferguson, 121 Texas 119, 45 S. W. 2d 1096 1.c. 1097 (2d) ; Dougherty v. Holscheider, 40 Texas Civ. App. 31, 88 S. W., 1113 1.c 1114 bot. 2nd col., (writ dism.) ; Thompson on Wills, 3rd Ed. Sec. 35 top of p. 72; 8 Ann. Cases 1151; 79 A. L. R. 1168, 1169; 57 Am. Jur. Sec. 672, p. 454; idem, Sec. 673 first sentence top p. 456; Vol. 1, Alexander Commentaries on Wills, Sec. 104, p. 121 et seq.; Vol. 1, Schouler on Wills, Executors & Administrators, 6th Ed. Sec. 408, p. 483; Page on Wills, Lifetime Ed. Sec. 96, p. 208.

2. If the event mentioned in the will merely indicates the inducement which caused the testator to make the will, and his intent to make it contingent is not apparent, the will is entitled to probate as a general will. Ferguson v. Ferguson, 121 Texas 119, 45 S. W. 2d 1096, 1.c. 1st col. 1097; Dougherty v. Holscheider, 40 Texas Civ. App. 31, 88 S. W. 1113, 1.c. 1114 last par. 2nd col. (writ dism.) ; Alexander, Vol. 1, Commentaries on Wills, Secs. 106-107; Atkinson on Wills, Sec. 150, p. 365; Page on Wills, Lifetime Ed. Vol. 1, Sec. 96, p. 209; 11 A. L. R. 846; 79 A. L. R. 1168; 57 Am. Jur. Sec. 672, last sentence 2nd par. p. 454.

3. If a will is equally capable of two constructions, one of which will uphold it and the other will destroy it, the former

construction should be given by the courts so as to uphold the will. Neely v. Brogdon (Com. App.) 239 S. W. 192, 1.c. bottom 2nd col. 193; Powers et al v. 1st Nat'l Bank, (T. C. A.) 137 S. W. 2d 839, affirmed 138 Texas 604, 161 S. W. 2d 273, top of 1st col. p. 842, and authorities there cited; 35 Mich. Law Rev. p. 1060.

4. If the will is open to two constructions, that interpretation will be given it which will prevent intestacy. Ferguson v. Ferguson, 121 Texas 119, 45 S. W. 2d 1096, 1.c. 1st col. 1097; 44 Texas Jur. Sec. 148, p. 707.

5. The fact that testator left a will implies that he did not intend to die intestate. Ferguson v. Ferguson, 121 Texas 119, 45 S. W. 2d 1096, 1.c. 1097, 1st col. and authorities therein cited.

I further believe that in construing this instrument we must look to said instrument alone, and that its plain meaning cannot be changed by reading into the same language which was not employed by W. W. Bagnall at the time he wrote same. A careful reading of the language contained in the wills involved in the Texas cases cited by the majority opinion to sustain their holding will show that the condition was plainly and clearly expressed on the face of such will. Not so in the instant case.

The very first expression used by W. W. Bagnall shows his intention to make a will, viz.: "Remember me W. W. Bagnall by this." What could more plainly show that W. W. Bagnall was making his will? It is as plain as if he had said, "This is the last will and testament of W. W. Bagnall." I think the law is well settled that unless the *will itself* shows *on its face* that its effect as a will depends upon the happening of a *specified condition or contingency* it is a general will.

"Whether or not a will is to be regarded as contingent depends upon the intention of the testator. Courts will not regard a will as conditional or contingent unless the intention of the testator to make it so clearly appears, either expressly or by necessary implication from the language of the will as a whole. The court should not read into a will a condition of its operative effect which, upon a reasonable intrepretation of the language of the will, is not to be found therein. To hold a will contingent or conditional, it must reasonably appear that the testator intended the will not to take effect unless a stated condition was fulfilled. The general rule of construction that favors

an interpretation which will prevent intestacy operates to require that a will be construed to be unconditional in case of doubt on that score.

"A will is not made conditional by statements therein which have no reasonable or logical relation to the testator's property or to the objects of his bounty. A statement in the will of circumstances which merely indicate the necessity of a will does not render the will contingent or conditional. A will is not conditional if the contingency expressed in the instrument is referred to merely as the occasion or inducement for making the will. If the language used in a will can by any reasonable interpretation be construed to mean that the testator referred to a possible danger or threatened calamity only as a reason for making his will at that time, the courts incline toward holding that the will is not contingent upon the occurrence of such danger or calamity."

I think the following quotation from Ferguson v. Ferguson, 121 Texas 119, 124, 45 S. W. 2d 1096, 1098, 79 A. L. R. 1163, applicable to our instrument:

"If we construe the first clause in her will, 'I am going on a journey and I may never come back alive so I make this will,' to relate merely to the inducement or occasion for making a will, then we have a will which declares in effect: 'I am making this my Will because I am going on a journey from which I may not return; but at some later date I expect to make certain changes in this Will.' This would be a general will, and she would not die intestate upon her return, even if she failed to make the 'changes' she may have had in mind.

"An examination of the will indicates that her main desire was to dispose of her property herself and not to die intestate. The fact that she referred to the journey indicates that she was thinking of the necessity for a will if she did not desire to die intestate. Her will indicates that she had fixed notions as to who was to receive her property, and in one paragraph she exhibits a fixed intention that her two brothers, Alvah and James, shall have but the nominal sum of $100 each."

Also the following quotation from the Ferguson case:

"The current of modern authority, however, seems to be that, if the happening of the event is merely referred to as giving the reason or inducement for the making of the will, it be held unconditional; but, if it appears that the testator intended to dispose of his property in case of the happening of

the named event, then it will be held to be conditional. The rule is stated in the case of French v. French, 14 W. Va. 458, 459: 'It seems that it is now an established principle that, while a person may make a conditional will, his intention to do so must appear clearly. The question is whether the contingency is referred to as the reason or occasion for making the disposition, or as the conditions upon which the disposition is to become operative.'

"In most of the cases holding wills dependent on the happening of the condition named, the words 'if I never get back,' referring to a *certain journey*, or 'should anything happen to me,' referring to a *particular time or event*, were used." (Italics mine.)

This instrument made by W. W. Bagnall nowhere refers to a *certain journey*, or to a particular time or event.

W. W. Bagnall says, "all my belongings and estate goes to James B. Bagnall Brother of mine." There is no uncertainty as to the amount of his estate disposed of nor to whom it is to go. Such disposition is clear, unambiguous and unequivocal. A reading of the record shows such disposition to James B. Bagnall was not unreasonable nor unnatural. W. W. Bagnall was more closely associated with James B. Bagnall than any other of his brothers or sisters or his mother.

There are not many cases in Texas in which this exact question has arisen, but in the other states of the United States we find a number of cases set out in the annotations to 8 Ann. Cases 1150, 11 A. L. R. 846, and 79 A. L. R. 1168. A study of these annotations and the cases cited therein, together with the excellent article in 35 Mich. Law Rev. 1049 (May 1937 issue) shows that the early cases decided in favor of holding a questionable document to be a conditional will. However, there has been a consistent and growing trend of modern decisions to hold a will conditional only when the will so provides in express language and there is no other alternative left for the courts.

We realize that W. W. Bagnall could not make this instrument his general and unconditional will by what he did or said after the making thereof. However, such words, action and conduct of W. W. Bagnall can be used to show his intent at the time of the making of the instrument. There are many statements in the record showing W. W. Bagnall concluded that he

had made a will disposing of his estate. He knew where the will was kept and had opportunity to destroy it.

There being nothing on the face of the instrument to show it was made by W. W. Bagnall, at the time he did make it, to be effective only upon the happening of a particular event; but the language showing only his purported trip could be no more than the occasion or inducemnt for making the will, I think under the well-recognized and established rule of construction we must hold this instrument to be the general and unconditional will of W. W. Bagnall disposing of his estate. Therefore I think it should have been admitted to probate, and that the judgment of the Court of Civil Appeals should be affirmed.

Opinion delivered October 26, 1949.

PER CURIAM:

In his motion for rehearing respondent points out that the trial court granted petitioner's motion for an instructed verdict, and presses the point that in reviewing its action in doing so, we erroneously took into account the trial judge's findings of fact based upon evidence which was not undisputed. In discussing the difference between the views of the trial court and the Court of Civil Appeals as to the meaning of "while gone," we used the language which may be susceptible to the construction that we sustained the trial court's action on the ground, in part, that the findings supported its judgment. What we meant to hold in that opinion is that the instrument offered as the last will and testatment of W. W. Bagnall, deceased, shows on its face that it was executed at a time when he had in mind an intention to take a trip of some character, and was intended to become effective only on condition that something should happen to him while on that trip; that two disinterested witnesses testified, without contradiction, that Bagnall told them that the contemplated trip was a fishing or hunting trip; and that the evidence shows, without contradiction, that he survived that trip and died many years later while performing the usual duties of his occupation. Based upon those conclusions, we affirmed the judgment of the trial court.

The motion for rehearing is overruled.

Opinion delivered December 7, 1949.