CRITES v. FAULKNER et al.
No. 15312.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 25, 1952.

Rehearing Denied Feb. 22, 1952.

B. Jay Jackson, of Granbury, Mack Taylor and Henry Zweifel, both of Fort Worth, for appellant.

C. O. McMillan, of Stephenville, for appellees.

HALL, Chief Justice.

The following instrument, written in the deceased's own handwriting, was admitted for probate by the County Court of Hood County, as the last will and testament of E. B. Crites, who died October 26, 1950, without issue:

"Granbury, Texas,    March 1st, 1948
"C. A. Crites,
"Dallas, Texas
"My Dear Brother:

"Am writing you in regard to my business. I am not feeling very good and I might pass away any time, and if I go before Rose does, I want you and Thelma look after her and give her all the care. She thinks lots of Thelma, and I want you to take charge of my business, help her in every way. I have a will made out to her. When she is gone I want you have charge of every thing I have and do with it as you think best. I would like for Joe Lomax, Roses brother to have something. But you do as you think best, about giving away my money. I would not sell the ranch until I needed the money pretty bad, it will always rent pretty good, and it won't die or run away. This is about all I think.

                    "Your loving Bro.
                    "E. B. Crites."

The case was tried to the district court which rendered judgment setting aside the

county court's order and denied the instrument to probate.

Appellees are two sisters of E. B. Crites, deceased, and the children of his deceased brothers and sisters. We may note here that his wife, who predeceased him in death, left no children. Neither of their ages is given. It is noted that they lived together for more than fifty years. One witness testified he had known E. B. Crites for over sixty-five years.

It is undisputed that the will which decedent mentioned in the above instrument as having been made out to his wife was never found.

Appellant C. A. Crites' appeal consists of four points, enumerating many rules involving construction of wills.

Appellant contends in his point one an argument to enforce the probation of this instrument as the last will of E. B. Crites, to the effect that a will may be any instrument executed with formalities of law, whereby the person making it disposes of his property to take effect after his death.

Appellant further states under his second point that a will may be revoked wholly or in part by implications from express provisions of a later testament, which makes different and contrary disposition of identical properties, and cites for authority. Redmond v. Redmond, Tex.Civ.App., 127 S.W.2d 309; Laborde v. First State Bank & Trust Co., Tex.Civ.App., 101 S.W.2d 389; 68 C.J., p. 803; Shouller on Wills, 5th Ed., secs. 407, 426.

In appellant's third point he admits that a will may be conditional or contingent, in other words, the effectiveness of a written instrument as an act of testamentation may be made to depend upon the occurring of a specific event.

Appellant's fourth point is: "No mere unskilful drafting of a will should be permitted to override the testator's obvious purpose that specific pecuniary legacies be paid."

We shall adhere to the following additional rules while construing this written instrument:

1. To ascertain the deceased's intention from the language used (providing same is unambiguous) and the effectuation or enforcement of that intention if same is legal. 44 Tex.Jur., p. 680, sec. 134.

2. In arriving at the present intention of the writer, we shall consider contents of the entire instrument from its four corners, rather than from isolated portions. Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149; Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147. We will also note that more latitude is permitted courts in construing provisions of wills to ascertain testators' intention than in the construction of deeds.

3. Where a person makes a will, the general presumption prevails that the testator intended to dispose of all of his property and such presumption is further extended to the effect that the testator did not intend to die intestate as to part of his estate. Drinkard v. Hughes, Tex.Civ. App., 32 S.W.2d 935. We will also take into consideration provisions of Article 1291, R.C.S.

As we understand appellant's contention, if the writing contained no greater intention than to request its author's brother to look after his wife and her estate, if he predeceased her, then he would not necessarily have added the remaining portion of said instrument after the words, "I have a will made out to her."

Appellant takes the position that the provision: "When she is gone I want you have charge of every thing I have and do with it as you think best," denotes testamentary intention. Such phrase standing alone does have a tendency to denote strong language of testamentation.

Appellant advances the theory that the instrument is an unconditional will rather than a conditional one, according to the rules set out in the cases of Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163, and Bagnall v. Bagnall, 148 Tex. 423, 225 S.W.2d 401. We realize that legal precedents lend little assistance to courts during their interpreta-

tion of wills where the cases are not precisely analogous, because every will presents its own problems and must stand upon its own terms. See cases cited in Lawrence v. Lawrence, Tex.Civ.App., 229 S.W.2d 219.

One criterion of the rules in determining whether an instrument contains all the solemnities of a will is that said instrument is subject to probate immediately upon the death of the testator.

Regardless of whether the contingency as set out in the letter that E. B. Crites might die before his wife was the sole reason for his writing the instrument, or whether such contemplation was the paramount cause and condition which prompted him to write, "When she is gone I want you have charge of every thing I have and do with it as you think best," same is not controlling as to whether the instrument is testamentary in effect. If E. B. Crites had predeceased his wife in death, as he thought he might, then in that event the written instrument in question could not have been probated in the place of the will to which he so emphatically refers.

After due consideration and much research, we have come to the conclusion that the instrument is nothing more than a letter written by E. B. Crites, deceased, to his only living brother, in whom he had much confidence, requesting him to assist his invalid wife in carrying on his business in case he predeceased her, and that he would like for his brother to wind up the affairs of his and his wife's business after her death. He states therein that he has already made a will and nowhere does he clearly indicate the letter is a codicil thereto or that he is revoking any portion of said mentioned will which he emphasizes as such. See provisions of Article 8285, R.C.S.

We do not attach any significance to the fact that after his death the written instrument in question was found in decedent's lock box located in a local bank, while determining from its own terms whether or not it contains the solemnities of a will. Redmond v. Redmond, Tex.Civ.App., 127 S.W.2d 309, writ ref.; Caywood v. Caywood, Tex.Civ.App., 216 S.W.2d 821, writ ref.

Extrinsic testimony was introduced to the effect that after his wife's death, E. B. Crites told several witnesses that he did not have a will and that he was planning on making one, which testimony may have been considered by the court in determining whether or not this rather ambiguous written instrument was presently meant by its writer to be testamentary in nature. Brackenridge v. Roberts, 114 Tex. 418, 267 S.W. 244, Id., 114 Tex. 418, 270 S.W. 1001; Brown v. Payne, 142 Tex. 102, 176 S.W.2d 306; Payne v. Brown, Tex.Civ. App., 172 S.W.2d 352; Low v. Low, Tex. Civ.App., 172 S.W. 590, writ ref.; Page v. Barnes, Tex.Civ.App., 258 S.W. 264, writ dis. (former appeal, Barnes v. Horne, Tex.Civ.App., 233 S.W. 859); Rogers v. Kennard, 54 Tex. 30; Shiels v. Shiels, Tex.Civ.App., 109 S.W.2d 1112.

Finding no error, judgment of the trial court is affirmed.