**BEKINS VAN LINES COMPANY,**
**Appellant,**

v.

**Rex C. CAUBLE, Appellee.**

**No. 17790.**

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 21, 1977.

Condos & North, and Raymond E. North, Dallas, for appellant.

Jack W. Gray and John L. Sullivan, Denton, for appellee.

## OPINION

HUGHES, Justice.

Bekins Van Lines Company (hereafter called Bekins) sued Rex Cauble (hereafter called Cauble) for payment of interstate freight charges on furniture shipped for Kenneth Boggs (hereafter called Boggs), an employee of Cauble. Bekins claimed Cauble had guaranteed payment by letter Cauble wrote Bekins. Cauble defended that conditions precedent in letter had not been performed (Boggs did not "O.K." invoice of shipment personally and that the invoice was "not as represented"). Bekins claimed such conditions to be immaterial and violative of 49 U.S.C.A. § 323. The case was tried before the court without a jury and the court found for Cauble and that Bekins take nothing. From Cauble's judgment based thereon Bekins appealed.

We affirm.

There is no material dispute as to the facts in this case.

Kenneth Boggs, prospective employee of Rex Cauble, entered written order for service with Bekins Van Lines Company on February 23, 1973. Written billing authority was requested by telephone from Bekins' employee, Bob Holland, to Cauble. Cauble replied by letter dated February 26, 1973:

"Denton—February 26, 1973

"Bekins Moving & Storage
5342 E. Mockingbird Lane
Dallas, Texas 75206

"Attention: Mr. Bob Holland

"Re: Transportation Charges Household Goods-Kenneth Boggs, Germantown, Tennessee to Denton, Texas

"Gentlemen:

"First, I want to tell you what a damn poor system you have of checking credit, and in the essence of time, this is to inform you that I am responsible for the transportation charges referred to above, and will mail your company a check upon presentation of an invoice, if it is as represented and O.K.'d by Kenneth Boggs.

"Yours truly,
/s/ "Rex C. Cauble
"Rex C. Cauble
"RCC/rv"

Bekins moved households goods of Boggs from Germantown, Tennessee, to Cauble's place in Denton, Texas, on or about March 1, 1973. The Bill of Lading was signed "Mrs. Ken Boggs." Kenneth Boggs worked for Cauble part of a week; lived in a house furnished him by Cauble and disappeared within such week. Bekins sent invoices to Cauble and made several demands for payment of $1,498.44. Cauble did not pay anything.

Bekins assignes ten Points of Error.

■ The first Point avers that trial court erred in concluding that terms "if . . . as represented" was a condition precedent material or essential to the parties' agreement. The second Point being that the difference of 37% between the estimate and the final invoiced charge was not material.

The word "if" in the contract clearly expresses a condition. *Bagnall v. Bagnall,* 148 Tex. 423, 225 S.W.2d 401, 402 (1949)—in this instance a material condition that before payment of the invoice it (invoice) must be "as represented." The trial court found that the 37% increase from what was represented to Cauble to what was actually billed in the invoice was material to the parties' agreement. We agree and overrule Bekins' First and Second Points of Error.

 As to Point No. 3, we agree with Cauble that 49 U.S.C.A. § 323 does not operate to prohibit a collateral contract for payment of shipping charges by a third party, where such contract does not purport to limit in any manner the primary liability of the consignor or consignee for payment of established charges under existing tariffs. We overrule Point No. 3.

Points No. 4 and No. 5 complain that there was no evidence and insufficient evidence for the trial court to find the approval of Kenneth Boggs was highly material. We disagree. Cauble's testimony to the effect that his agreement with Boggs was with the understanding if he, Boggs, did not stay employed by Cauble for a year then he, Boggs, would have to pay the moving bill establishes evidence of sufficient materiality of having Boggs approve such invoice. We overrule Points Nos. 4 and 5.

By Point No. 6 Bekins complains that approval by Kenneth Boggs was not an essential element of the contract. As to the contract between Boggs and Bekins, there is nothing essential in the "O.K." of Boggs. However, in the guarantor's contract with Bekins we hold that such "O.K." is essential, and it was condition precedent to accepting liability and was not payable "until that condition has happened." *Ferguson v. Mansfield,* 114 Tex. 112, 263 S.W. 894, 900 (1924). We overrule Point No. 6.

In Points Nos. 7 and 8, Bekins claims that the "O.K." of Kenneth Boggs was a delegable duty for which authority could be inferred. *Gravis v. Physicians and Surgeons Hospital of Alice,* 427 S.W.2d 310, 311 (Tex.1968), held "the relationship of husband and wife does not in itself make one spouse the agent of the other." Also, *Rankin v. Kerrville Bus Co.,* 115 S.W.2d 997 (Tex.Civ.App.—San Antonio 1938, writ dism'd). We find that the provision for the "O.K." of contract by Boggs was not delegable to his wife absent additional agreement or waiver by Cauble. Further, there is no evidence of any actual authority for her to act for Kenneth Boggs and apparent authority would have to be based on estoppel of Cauble, not Boggs, and there is no evidence of Cauble holding anyone out to "O.K." the invoice but Kenneth Boggs.

We agree that there is no statutory liability under 49 U.S.C.A. § 323 and that it does not prohibit a collateral guaranty contract as in this case. We also hold that both conditions precedent were not complied with by Bekins and overrule Points Nos. 9 and 10.

The judgment of the trial court is affirmed.