Michelle **HOWARD** and Marni Howard **Van De Veer, Appellants,**

v.

Eva Mae **McCULLEY, et al., Appellees.**

No. 05–84–00102–CV.

Court of Appeals of Texas, Dallas.

Jan. 18, 1985.

Rehearing Denied March 15, 1985.

Esir Tobolowsky, Dallas, for appellants.

E.A. Weinberg, McKinney, for appellees.

Before GUITTARD, GUILLOT and EL-LIS, JJ.

GUILLOT, Justice.

This is an appeal from summary judgment denying probate of a will. The deceased's heirs, Eva Mae McCulley and others, challenged the will and were granted judgment on the sole ground that the will was conditional. The will proponents, Michelle Howard and Marni Howard Van De Veer, appeal and contend that the will is not conditional and that they are entitled to take under the will. We agree with the proponents; thus, we reverse and remand with instructions to admit the will to probate in accordance with this opinion.

Edith H. Elson died leaving the self-proved will here contested. Her husband died several years before her. The execution of this will and Elson's capacity to make a will are undisputed. Also undisputed are the facts that this is her last will and that it has not been revoked. Elson first left her estate to James Elson if he survived her, then made the following disposition:

In the event my husband, James Elson, and I are killed at the same time, or perish as the result of the same accident, or die within one week of each other as the result of an accident, and in this event only, it is my will and I direct that my estate both real, personal and mixed wheresoever situated and howsoever acquired, shall be divided in three equal parts, share and share alike between my nieces ROCHALLE HOWARD, MARNA HOWARD and HELEN MEDSKER in fee-simple. In the event any of the above named parties have predeceased me or have predeceased any of the hereinabove named beneficiaries, then I direct that the share going to that one or more shall be given to the remaining and living party or parties, equally.

No other provision is made for disposition of the estate if the husband does not survive the textatrix. Consequently, if this provision does not apply, the estate must pass by intestate succession. The evidence showed that Michelle Howard is also known as Rochalle Howard and that Marni Howard Van De Veer is also known as Marna Howard.

It was stipulated that Elson's will met all the formal requisites. The contestants argue, however, that the language of the first sentence quoted above created a conditional will under *Bagnall v. Bagnall*, 148 Tex. 423, 225 S.W.2d 401, (1949) and that since none of the conditions—dying at the same time, within a week of each other, or as of the same accident—were met, the will should be denied probate. However, the conditional language of this will does not fall within the rule of *Bagnall* because the language does not create a condition precedent to the effectiveness of the will. The language here merely creates a conditional disposition of the property under an effective will. The language at the beginning of her will: "I ... do hereby make and publish this my last will and testament" is the language of testamentary intent and it is clearly unconditional.

In denying the will probate, the trial court apparently concluded that the nieces could not take under the will. We

conclude, however, that this will may be properly construed as leaving the Elson property to the nieces since Elson's husband did not survive her. According to the supreme court, "If the will is open to two constructions, that interpretation will be given it which will prevent intestacy." *Ferguson v. Ferguson*, 121 Tex. 119, 45 S.W.2d 1096, 1097 (1931). In the circumstances shown here, we hold that the second sentence of the above quoted portion of Elson's will creates an ambiguity, which opens this will to a second construction that will prevent intestacy. There Elson directed that if any of the above named *parties* predecease her then that person's share would go to the remaining parties equally. The word parties is not defined anywhere in the will and could, in the context of this paragraph, legitimately include James Elson. If James Elson is included as a "party," then because he predeceased Edith Elson his share goes to those who have survived, Michelle and Marni Howard. Since this construction prevents intestacy it is the proper construction to be given by the trial court. *Ferguson*, 121 Tex. 119, 45 S.W.2d 1096. Accordingly, we reverse the trial court's order and remand with instructions to admit the will to probate.